[S.F. No. 22850. In Bank. Feb. 23, 1972.]

MARCELLINO H. GARCIA, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and FIBRE-
BOARD CORPORATION, Respondents.

## COUNSEL

Marcus & Ury, Frank Ury and Maurice S. Marcus for Petitioner.

Rupert A. Pedrin, Jon L. Gateley, Brobeck, Phleger & Harrison and Rinaldo Sciaroni, Jr., for Respondents.

## OPINION

McCOMB, J. — Petitioner seeks review and annulment of an opinion and decision after reconsideration of respondent Workmen's Compensation Appeals Board, which opinion and decision ordered stricken from a permanent disability award in petitioner's favor a 10 percent penalty imposed under section 5814 of the Labor Code.

From April 18, 1949, to and including January 6, 1966, while employed by respondent Fibreboard Corporation, petitioner received an admitted industrial injury to his back. A Findings and Award to that effect issued on March 4, 1966, but it was found that petitioner had not as of that time suffered any temporary disability and that his condition was not permanent and stationary.

Subsequently, from November 5, 1968, to November 12, 1968, petitioner was hospitalized at respondent employer's request. No payment for temporary disability was made to him, however, until about the middle of January 1969. A hearing was held February 13, 1969, and a findings and award issued on April 30, 1969, in which it was determined that the payment of temporary disability had been unreasonably delayed; and a 10 percent penalty was imposed under section 5814 of the Labor Code on the amount found to be due for that period of time.[1]

---

[1]Section 5814 of the Labor Code provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

On January 22, 1970, petitioner filed a petition for a permanent disability rating, alleging that his condition was then permanent and stationary. On July 31, 1970, a findings and award issued, in which it was found that petitioner had suffered a 4 percent permanent disability as a result of the injury. The referee increased by 10 percent the amount found to be due for permanent disability. The increase was based on the earlier finding of an unreasonable delay in the furnishing of temporary disability benefits. There was no finding that permanent disability benefits were delayed. On reconsideration, the appeals board ordered the 10 percent penalty stricken from the permanent disability award.

■ Question: *Where temporary disability indemnity has been awarded to an injured employee and a 10 percent penalty imposed under section 5814 of the Labor Code because of unreasonable delay in making payment to the employee, is it proper to apply the penalty to benefits granted under a subsequent award for permanent disability indemnity even though there has been no delay in making payment of the benefits ordered for permanent disability indemnity?*

*No.* An analogous situation existed in *Manning* v. *Workmen's Comp. App. Bd.,* 10 Cal.App.3d 655 [89 Cal.Rptr. 76] (hg. den. by Supreme Court). In *Manning,* the applicant was awarded continuing temporary disability because of an industrial accident. About two years later, it was stipulated that his condition had become permanent and stationary, and permanent disability benefits were ordered paid to him. The carrier delayed making payment of the permanent disability benefits for a period of about a month and a half. The delay was held to be unreasonable, and a 10 percent penalty was imposed. The applicant then sought to have the penalty applied to the temporary benefits which had been paid to him under the previous award, but his request was denied by the Workmen's Compensation Appeals Board. The appeals board's action was affirmed by the Court of Appeal, which said at pages 658-659: "In the foregoing circumstances it would be unreasonable to construe section 5814 of the Labor Code as requiring imposition of the penalty in the instant case to prior paid temporary disability benefits. Section 5814 provides in part: 'When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent.' As the court aptly noted in *Langer* v. *Workmen's Comp. App. Bd., supra,* 258 Cal.App.2d 400, 416 [65 Cal.Rptr. 598], the section is not a model of legislative draftsmanship. Nevertheless, we believe the words 'order, decision or award,' on the full amount of which the penalty must be applied, must be construed to mean the 'order, decision or award' with

respect to which payment of compensation has been unreasonably delayed. In the present case the Board correctly applied section 5814 by imposing the penalty on the full amount of the permanent disability benefits, including the life pension, awarded on September 13, 1969, and properly denied applicant's request to impose the penalty on previously paid temporary benefits."

In the present case, as indicated above, the delay was with respect to the temporary disability benefits under a prior award; there was no delay with respect to the benefits under the subsequent award, which related only to permanent disability benefits. The same principle applies here, however, that is, where there has been an award of temporary disability indemnity, and a subsequent award is made giving the applicant permanent disability indemnity, a delay with respect to making payment under one award for one type of benefit does not entitle the applicant to have the penalty applied to payments under the other award for a different type of benefit where there has been no delay with respect to the latter payments.[2]

The exact question here involved was before the appeals board in *Roche* v. *Navajo Freight Lines, Inc.,* 34 Cal. Comp. Cases 7, where it was said at pages 8-9: "Applicant contends that the referee should have applied the previously imposed delay penalty to the compensation awarded in the supplemental decision. The original Findings and Award of October 6, 1965 found that defendants had unreasonably delayed the payment of temporary disability compensation on and after June 18, 1965 'and the amount of the award for temporary disability indemnity from June 18, 1965, to date hereof, is increased 10 percent.' The question presented

---

[2]The only temporary disability benefits awarded to petitioner were for the period during which he was hospitalized in November 1968. Had respondent employer made voluntary payments of temporary disability benefits before an application for compensation was filed or an award issued, the penalty imposed for delay in providing temporary disability benefits could not have been applied to such voluntary payments. (*Vogh* v. *Workmen's Comp. App. Bd.,* 264 Cal.App.2d 724, 728-729 [2] [70 Cal.Rptr. 722]; see also *Langer* v. *Workmen's Comp. App. Bd.,* 258 Cal. App.2d 400, 405-406 [65 Cal.Rptr. 598].)

Respondent employer provided some medical treatment to petitioner prior to issuance of the award. Medical treatment reasonably required to cure or relieve an injured employee from the effects of injury constitutes a benefit conferred upon him by statute (Lab. Code, § 4600); and where care has been unreasonably refused or payment therefor unreasonably delayed, the 10 percent penalty under section 5814 of the Labor Code is applicable. (*Hockett* v. *Industrial Acc. Com.,* 170 Cal. App.2d 155, 157-158 [338 P.2d 604].) However, in view of the fact that the penalty is not applicable to payments voluntarily made prior to issuance of an award, admittedly the cost of such medical treatment as was voluntarily paid by respondent employer on petitioner's behalf prior to issuance of an award, is not subject to the penalty.

is whether or not pursuant to Labor Code Section 5814 this 10 percent delay penalty should be applied to compensation awarded in a subsequent order, decision or award or applied only to the compensation originally awarded which was found to be unreasonably delayed.

"After review of the record and pertinent statutory and judicial authorities applicable thereto, we are persuaded that a delay penalty should apply to all compensation awarded in the decision assessing the penalty [citation], but should not apply with respect to a *subsequent* decision awarding a different species of compensation. Labor Code Section 5814 uses the terms 'order, decision and award' in the singular, and does not specifically refer to future 'orders, decisions or awards,' which might be made in the same case.

"In the case of a subsequent award of permanent disability, as in this case, it is not logical to assess the delay penalty against the permanent disability indemnity, when in fact there has been no further delay in the furnishing of benefits. If there were a subsequent unreasonable delay, for example in the furnishing of awarded permanent disability indemnity, a *subsequent* penalty could be assessed under the case of *Davison* v. *IAC*, 241 Cal.App.2d 15 . . . .

"Further, it has been held that the delay penalty should not reach back to benefits voluntarily and timely provided prior to the delay. [Citations.] By the same token, the delay penalty should not reach forward to another separate award of benefits likewise timely provided by defendants.

"We are aware of the decision in *Fireman's Fund Ins. Co.* v. *WCAB* (*Elder*), 32 [Cal. Comp. Cases] 227 (writ denied). That decision, however, upheld the assessment of a penalty, albeit in a supplemental award, but as against the same species of compensation, i.e., temporary disability, which had originally been unreasonably delayed. Here of course, we are dealing with permanent disability, which as compared to the originally unreasonably delayed temporary disability indemnity, is 'new and further' disability, and is thus the subject of a separate award. [Citation.]

"We note that Panel One of our predecessor Industrial Accident Commission reached the same result as we do here, for essentially the same reasons in the unpublished case of *Cota* v. *Fibreboard Paper Prod. Corp.*, 62 OAK 9521. We see no reason to depart from the result reached in the *Cota* case."

*Hockett* v. *Industrial Acc. Com.*, *supra*, 170 Cal.App.2d 155; *Langer* v. *Workmen's Comp. App. Bd.*, *supra*, 258 Cal.App.2d 400; *Vogh* v. *Workmen's Comp. App. Bd.*, *supra*, 264 Cal.App.2d 724; and *Ramsey* v.

*Workmen's Comp. App. Bd.,* 2 Cal.App.3d 693 [83 Cal.Rptr. 51], are distinguishable. In *Hockett, Langer,* and *Vogh,* the penalty was upheld for benefits payable under a single award for one type of indemnity. In *Ramsey,* the applicant was first awarded temporary disability indemnity and by a supplemental decision was later awarded permanent disability indemnity. The penalty was held applicable to payments under both awards. However, as pointed out by the Court of Appeal, in that case the employer's insurance carrier "acted unreasonably not only in delaying payment of a permanent disability but in terminating payment of temporary disability." (P. 698 of 2 Cal.App.3d.)

The decision of the appeals board is affirmed.

Wright, C.J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.