[Civ. No. 23668.   Second Dist., Div. One.   May 5, 1959.]

GUY HOCKETT, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Levy, Russell, DeRoy & Geffner and Celia Cohn for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

NOURSE, J. pro tem.*—By writ of review petitioner seeks to annul an award of the respondent commission which denied him a penalty pursuant to section 5814 of the Labor Code, of 10 per cent on certain items of the commission's award to him.

*Assigned by Chairman of Judicial Council.

Petitioner, in the scope and course of his employment, sustained injuries which required medical care and hospital treatment. Despite the report of its own examining physician that petitioner had sustained a disabling injury, the employer's compensation insurance carrier denied liability and refused to make payments of compensation or to provide medical and hospital treatment. Petitioner was disabled for 22 weeks and incurred reasonable medical and hospital expenses in the sum of $1,141.43; he also expended the sum of $95 for the examination by and report of a physician for the purpose of establishing his claim.

During the period of his disability Continental Casualty Company, the unemployment compensation insurance carrier of petitioner's employer, made disability payments to petitioner in the sum of $964.29.

The commission found that the payment of compensation had been unreasonably delayed and refused. It, as a penalty, increased the payments of compensation on account of temporary total disability by 10 per cent, that is, it increased those payments from $50 to $55 per week. It denied petitioner the penalty of 10 per cent provided by section 5814 on the amount of his medical and hospital bills, the item of $95 incurred by the examination for the report of the physician which was used to establish his claim and upon the amount paid by the Continental Casualty Company as unemployment compensation benefits, but allowed that company a lien for the amount of its advances, to wit, $964.29 upon the award for disability benefits. Petitioner asserts that the commission erred in denying him 10 per cent upon the entire award including the amount advanced for his benefit by Continental as unemployment compensation benefits.

We have concluded that the commission was in error in denying petitioner 10 per cent on the amount incurred by him for medical care and hospital treatment. ■ Section 5814 of the Labor Code is not ambiguous and expressly provides that "When payment of compensation has been unreasonably delayed or refused, . . . the *full amount of the . . . award shall* be increased by 10 per cent." (Emphasis added.) The award referred to is the award of compensation. "Compensation" includes every benefit or payment conferred upon an injured employee by division IV of the Labor Code (Lab. Code, § 3207). ■ Medical, surgical and hospital treatment reasonably required to cure or relieve from the effects of injury were benefits so conferred (Lab. Code, § 4600) and reimburse-

ment for the amount reasonably incurred for such care is compensation under the statute. (*Bige* v. *Industrial Acc. Com.*, 105 Cal.App. 210 [287 P. 577]; *Heaton* v. *Kerlan*, 27 Cal.2d 716 at 719 [166 P.2d 857].) ■ It necessarily follows that as such care was unreasonably refused by the compensation insurance carrier and payment therefore unreasonably delayed, petitioner was entitled to have this portion of the award increased by 10 per cent, that is, by the sum of $114.14.

■ Respondent commission argues that inasmuch as the payments for medical and hospital care were made by two insurance carriers who had by private contract undertaken to indemnify the petitioner against the liability for such expense and as by its award the commission provided that the amounts of indemnity paid by these carriers on account of the medical and hospital treatment *procured by petitioner* be made directly to those carriers, that section 5814 is not applicable. There is no merit in this contention. The fact that the petitioner or his employer had providently provided, through contracts of indemnity, separate sources of funds to meet the expenses of this nature does not relieve the compensation carrier from the penalty imposed upon it for its default. Petitioner does not complain that these third party indemnitors were given a lien upon the award made to him for medical and hospital expenses and the fact that such a lien was given by the commission does not in anywise affect the compensation carrier.

■ We are convinced, however, that the commission was correct in denying any increase in the award of $95 made on account of an expense incurred by the petitioner in prosecuting his claim. This award is not in the nature of compensation but is in the nature of costs. (*Kaiser Co.* v. *Industrial Acc. Com.*, 109 Cal.App.2d 54 at 59 [240 P.2d 57].) Further, there was no delay in connection with this portion of the award as it was not due until the commission had, in the exercise of its discretion, awarded it as a cost of prosecution of the claim.

■ The commission also acted correctly in refusing to add a 10 per cent penalty to the lien allowed the Continental Casualty Company on account of its payments under the unemployment compensation policy issued by it. This lien was granted pursuant to section 4903, subdivision (f), of the Labor Code upon that portion of the award which was made on account of temporary disability (Lab. Code, § 4904). It was not an award of additional compensation. The commission

having increased by 10 per cent the weekly indemnity to which petitioner was entitled, it had assessed the full penalty which it was authorized to assess under section 5814 on account of disability benefits and to have increased the portion of the award for those benefits which was made payable directly to Continental would have been to duplicate the penalty.

For the reasons above stated all parts of the award are affirmed except that portion which denies the penalty of 10 per cent upon the reasonable expense of the employee's medical and hospital treatment. As to that portion of the award, it is annulled and the cause remanded to the respondent commission with directions to increase its award by ordering paid to the petitioner an additional sum of $114.14.

White, P. J., and Lillie, J., concurred.