[S.F. No. 23426. In Bank. Oct. 25, 1976.]

ROBERT L. ADAMS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, GRANITE &
STOLTE CONSTRUCTION COMPANY et al., Respondents.

**COUNSEL**

Eugene C. Treaster for Petitioner.

Dennis J. Hannigan for Respondents.

**OPINION**

**SULLIVAN, J.**—Petitioner Robert L. Adams seeks review of a decision of the Workers' Compensation Appeals Board (Board), following reconsid-

eration, refusing to apply to medical-legal costs a 10 percent penalty against respondent carrier, Beaver Insurance Company (Beaver), for unreasonable delay in paying compensation. (Lab. Code, § 5814.)[1] We have concluded that the penalty provided in section 5814 should be so applied.

On June 1, 1971, petitioner sustained an injury to the lower portion of his body while employed as a heavy construction carpenter by Granite & Stolte Construction Company. Beaver, the employer's compensation carrier, provided medical treatment, hospitalization and surgery which was performed on June 30, 1971. After an apparently satisfactory recuperation, petitioner returned to work in the middle of September, but soon experienced further lower body pain and rectal and urinary difficulties. A long period of diagnosis and treatment ensued during which petitioner was examined and treated by a number of physicians, psychiatrists and chiropractors. He has not worked since November 1971.

On June 25, 1975, the referee filed findings and award, finding that the injury caused temporary and permanent disability, and awarding petitioner temporary disability indemnity for a period of 91 3/7 weeks in the total amount of $8,000, less credits to the carrier for payments theretofore made, and less $449.50 payable to the Employment Development Department in satisfaction of its lien for disability benefits. Petitioner was also awarded permanent disability indemnity for a period of 222 weeks, in the total sum of $11,655, reimbursement for self-procured medical costs in the sum of $2,778.42 and medical-legal costs in the sum of $1,229.13. Neither party sought reconsideration of this award.

Beaver delayed payment of the temporary disability indemnity, self-procured medical costs and medical-legal costs until at least August 5, 1975. Petitioner thereupon sought to reopen claiming the benefit of section 5814. In response to a letter from the referee inquiring as to reasons why a penalty should not be imposed for unreasonable delay, Beaver's counsel indicated that payment had been delayed due to the vacation of the employee responsible for paying benefits. On September 18, 1975, the referee issued an order finding that the carrier had delayed payment of temporary and permanent disability indemnity set forth in

---

[1] Labor Code section 5814 provides in pertinent part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent."

Hereafter, unless otherwise indicated, all section references are to the Labor Code.

the award of June 25, 1975, and had not shown that the delay was reasonable. The award was ordered increased by the amount of $566.[2]

Petitioner sought reconsideration on the ground that the penalty provided in section 5814 also should have been applied to the self-procured medical costs and medical-legal costs, payment of which was delayed. The Board granted reconsideration and rendered its decision after reconsideration that the penalty should have been applied to the award of self-procured medical costs but not to the medical-legal costs. ■ The Board stated that if it were free to decide the question, it would have applied section 5814 to delayed medical-legal costs, but it felt constrained to reach a contrary decision by prevailing decisions of the Courts of Appeal. (See, e.g., *Hockett* v. *Industrial Acc. Com.* (1959) 170 Cal.App.2d 155, 158 [338 P.2d 604].)

Section 5814 is explicit and clear. It requires that "[w]hen payment of compensation has been unreasonably delayed . . . the full amount of the order, decision or award shall be increased by 10 percent." We have said that "although denominated a 'penalty,' the section is to be interpreted liberally, in accordance with the general purpose of the workmen's compensation laws" of affording benefits for the protection of injured employees. (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200].) "The penalty . . . is designed to help an employee obtain promptly the cure or relief he is entitled to under the law, and to compel his employer to provide this cure or relief in timely fashion." (*Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].) The penalty has been applied to virtually all types of benefits provided by the workers' compensation laws, including temporary and permanent disability indemnity, interest on an award and, as the Board held in this case, amounts awarded as reimbursement for self-procured medical costs. (See 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1976) § 6.07

[2]Counsel for petitioner indicated at oral argument that the penalty award of $566 represented 10 percent of the balance of the temporary disability and permanent disability owing at the time of the award of June 25, 1976. It appears from the record, however, that the $566 was in fact only 10 percent of the net amount of temporary disability indemnity owing at the time of the award, that is $8,000, less $449.50 to satisfy the lien of the Employment Development Department plus $1,890 previously paid by the carrier, leaving a balance of $5,660.50. The record indicates that payment of permanent disability indemnity was never delayed. The referee in his order imposing a penalty and in his report and recommendation on reconsideration mistakenly stated that the $566 penalty represented 10 percent of the permanent disability indemnity. This mistake was repeated by the Board in its decision on reconsideration.

■ [b].) We conclude that section 5814 should be applied to medical-legal costs as well.

The decision and award of June 25, 1975, expressly provided for reimbursement of medical-legal costs of $1,229.13 incurred by petitioner in prosecuting his claim. It is undisputed that payment of compensation was delayed until at least 40 days after filing of the award and that Beaver did not seek reconsideration of the referee's order of penalty made on September 18, 1975, finding that Beaver had delayed in making payments of disability indemnity and also finding that the carrier had not shown that the delay was reasonable. Read literally, section 5814 requires imposition of a 10 percent penalty on medical-legal costs in these circumstances. The section provides that the *"full amount* of the order, decision or award shall be increased by 10 percent" when compensation has been unreasonably delayed. (Italics added.) The *full* decision and award in the instant case ordered reimbursement of medical-legal costs, and payment of compensation under the award was unreasonably delayed. A literal application of section 5814 would accord with the constructional policy of liberally interpreting workers' compensation laws for the benefit of injured workers and with the policy of encouraging the employer and carrier to provide prompt medical treatment.

Notwithstanding the fact that the most obvious interpretation of section 5814 would require application of a 10 percent penalty to medical-legal costs, decisions of the Courts of Appeal have held to the contrary. The initial and leading decision on the issue is *Hockett* v. *Industrial Acc. Com., supra,* 170 Cal.App.2d 155, 158. There the court concluded that section 5814 refers to an award of "compensation" in providing that "the full amount of the . . . *award* shall be increased by 10 percent." (Italics added.) It then held that the 10 percent penalty was properly not applied to medical-legal costs because an award of such costs "is not in the nature of compensation but is in the nature of costs."[3] This holding has been followed without question in other decisions of the Courts of Appeal. (See *Ramsey* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693, 697 [83 Cal.Rptr. 51]; *Vogh* v. *Workmen's Comp. App. Bd.* (1968) 264 Cal.App.2d 724, 728 [70 Cal.Rptr. 722].)

---

[3]*Hockett* held alternatively that the 10 percent penalty was correctly not applied to the award of medical-legal costs in that case since "there was no delay in connection with this portion of the award as it was not due until the commission had, in the exercise of its discretion, awarded it as a cost of prosecution of the claim." (*Id.* at p. 158.)

We disagree with the holding in *Hockett* for two reasons. First, while the event activating the penalty provision of section 5814 is a delay in the payment of compensation, the statute explicitly provides that the entire amount of the order, decision or award shall be increased by 10 percent. Clearly, the order, decision or award in this case, however it is denominated, provides that petitioner shall be reimbursed for his medical-legal costs. Second, assuming arguendo that the penalty provided by section 5814 is to be applied only to an award of "compensation," medical-legal costs constitute "compensation" as that term is defined in the workers' compensation laws. (Cf. *Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 683 [95 Cal.Rptr. 219].) Section 3207 provides that " '[c]ompensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 [of the Labor Code] upon an injured employee . . . ." Statutory authority for the reimbursement to an applicant of medical-legal costs incurred in prosecuting a claim is provided by sections 4600 and 5811, both of which are contained in division 4 of the Labor Code.[4] Accordingly, to the extent that they are inconsistent with this opinion we disapprove *Hockett* v. *Industrial Acc. Com., supra,* 170 Cal.App.2d 155, *Ramsey* v. *Workmen's Comp. App. Bd., supra,* 2 Cal.App.3d 693, and *Vogh* v. *Workmen's Comp. App. Bd., supra,* 264 Cal.App.2d 724.

The decision after reconsideration is annulled and the cause is remanded to the Workers' Compensation Appeals Board for further proceedings consistent with the views expressed herein.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Richardson, J., concurred.

---

[4]*Hockett* cited *Kaiser Co.* v. *Industrial Acc. Com.* (1952) 109 Cal.App.2d 54, 59 [240 P.2d 57], for the proposition that medical-legal costs are not in the nature of compensation but in the nature of costs. *Kaiser,* however, dealt with quite a different issue than is presented in the instant case, namely whether the amendment to section 4600 adding the provision for reimbursement of medical expenses incurred in prosecuting a contested claim should apply retroactively to a proceeding pending at the time of the amendment and to costs incurred prior to the amendment. The court held that the amendment relates to procedure and could be applied retroactively. The court did not mention or consider the fact that costs awarded under section 4600 are compensation as that term is defined in section 3207.