[Civ. No. 42176. First Dist., Div. Two. Dec. 22, 1977.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD
and PRESTON L. McDOWELL, Respondents.

## COUNSEL

James J. Vonk, Robert M. Hershenson, Frank C. Evans and Robert A. LaPorta for Petitioner.

P. M. Miyamoto, Airola & Ringgold and Lowell A. Airola for Respondents.

## OPINION

**ROUSE, J.**—Petitioner, State Compensation Insurance Fund, is the insurance carrier for the Alameda-Contra Costa Transit District, which employs respondent Preston McDowell, the injured employee here involved. Petitioner seeks review and annulment of an en banc decision of the Workers' Compensation Appeals Board (hereafter Board) denying credit for medical-legal costs against petitioner's liability for compensation after the employee had settled a suit against a third party for his injuries. The majority of the Board concluded that the Legislature did not intend to include medical-legal costs within the meaning of section 3861 of the Labor Code. Three dissenting members were of the opinion that *Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226 [133 Cal.Rptr. 517, 555 P.2d 303], was controlling and should have been followed by the Board. We agree that the *Adams* case is controlling.

Section 3861 of the Labor Code provides that "The appeals board is empowered to and *shall* allow, as a credit to the employer to be applied *against his liability for compensation,* such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer." (Italics added.)

*Adams* involved the question of whether the penalty provisions of section 5814 of the Labor Code applied to medical-legal costs. In *Adams,* the court disapproved *Hockett* v. *Industrial Acc. Com.* (1959) 170 Cal.App.2d 155 [338 P.2d 604], and cases which had followed *Hockett. Hockett* had held that the 10 percent penalty was properly not applied to the medical-legal costs because an award of such costs "is not in the nature of compensation but is in the nature of costs." (P. 158.) The court in *Adams* disagreed with the holding in *Hockett* "for two reasons. First, while the event activating the penalty provision of section 5814 is a delay in the payment of compensation, the statute explicitly provides that the entire amount of the order, decision or award shall be increased by 10 percent. Clearly, the order, decision or award in this case, however it is denominated, provides that petitioner shall be reimbursed for his medical-legal costs. Second, assuming arguendo that the penalty provided by section 5814 is to be applied only to an award of 'compensation,' medical-legal costs constitute 'compensation' as that term is defined in the workers' compensation laws. (Cf. *Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 683 [95 Cal.Rptr. 219].) Section 3207 provides that ' "[c]ompensation" means compensation under Division 4 and includes every benefit or payment conferred by Division 4 [of the Labor Code] upon an injured employee . . . .' Statutory authority for the reimbursement to an applicant of medical-legal costs incurred in prosecuting a claim is provided by sections 4600 and 5811, both of which are contained in division 4 of the Labor Code. . . ." (*Adams* v. *Workers' Comp. Appeals Bd., supra,* 18 Cal.3d at p. 231.)

■ In the interpretation of a statute, where the language is clear, its plain meaning should be followed. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) ■ The language of section 3861 of the Labor Code is clear. That language mandates the board to allow a credit to the employer "to be applied against his liability for compensation . . . ." Medical-legal

costs constitute compensation. (*Adams* v. *Workers' Comp. Appeals Bd., supra,* 18 Cal.3d at p. 231.)

The decision of the Board is annulled and the matter remanded to the Board with instructions to allow a credit for medical-legal costs.

Taylor, P. J., and Kane, J., concurred.