[Civ. No. 59392. Second Dist., Div. Two. Mar. 20, 1981.]

**STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and GEORGE LA FAVOR, Respondents.**

144

COUNSEL

James J. Vonk, Richard A. Krimen, Arthur Hershenson and Frank Evans for Petitioner.

George A. Schulman, Lewis, Marenstein & Kadar and Dexter W. Young for Respondents.

OPINION

**COMPTON, J.**—We are called upon once again to interpret Labor Code section 5814, which expressly provides that "When payment of

compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. . . ."

This seemingly simple statute has been the subject of considerable litigation and its interpretation has posed difficulties for the Workers' Compensation Appeals Board (WCAB) and the appellate courts.

Labor Code section 5814 "is explicit and clear" (*Adams v. Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226, 229 [133 Cal.Rptr. 517, 555 P.2d 303]), yet "no model of legislative draftsmanship" when one considers the "[m]any problems . . . buried in its language . . . ." (*Langer v. Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 400, 406 [65 Cal.Rptr. 598]; *Manning v. Workmen's Comp. App. Bd.* (1970) 10 Cal.App.3d 655, 658 [89 Cal.Rptr. 76].)

The specific question presented here is the proper method of calculating the 10 percent penalty where there has been an unreasonable delay in the payment of attorneys' fees to counsel for the injured worker.

## I

Attorneys' fees payable to counsel for the injured worker constitute a lien on the benefits awarded (Lab. Code, § 4903, subd. (a)), and are payable out of the recovery. (*Reich, Adell, Crost & Perry v. Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 225, 229 [160 Cal.Rptr. 218].) Payment is made by the employer (or his carrier) as ordered by the WCAB directly to the injured worker's counsel. (Lab. Code, §§ 4903, 4905, 4906.)

## II

Applicant George La Favor sustained an industrial injury to his back while employed at Arvin Union School District. Petitioner State Compensation Insurance Fund (State Fund) provides worker's compensation coverage for said school district.

Applicant was awarded permanent disability of 81 1/4 percent, which is equivalent to 471.25 weeks of permanent disability payments at $70 per week (for a total of $32,987.50) and thereafter a life pension

of $34.33 per week. The award also provided that State Fund pay attorneys' fees in the amount of $3,300 out of the permanent disability benefits.

The workers' compensation judge ordered that the attorneys' fees be payable forthwith by a lump sum "commuted off the far end of the [permanent disability] award, [but] before commencement of the life pension." State Fund does not challenge this method of assessing the attorneys' fees.

State Fund made timely payments of the permanent disability benefits, but was guilty of delay in paying the attorneys' fees. The WCAB concluded that the delay was unreasonable and called for assessment of a 10 percent penalty pursuant to Labor Code section 5814. We cannot say that this conclusion was erroneous. (See *Kampner* v. *Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 376, 383-384 [150 Cal.Rptr. 222].) WCAB's calculation of the penalty is another matter.

In a unanimous en banc opinion (*La Favor* v. *Arvin Union School District* (1980) 45 Cal.Comp.Cases 289), the WCAB calculated the penalty as 10 percent of the *entire* permanent disability award of $32,987.50, plus the life pension. Thus, while the total penalty, depending as it does on the question of the life pension, cannot be fully determined, it clearly and substantially exceeds the total amount of the $3,300 award of attorneys' fees.

### III

Labor Code section 5814 provides for the imposition of a penalty for the unreasonable delay or refusal in the "payment of compensation."[1] State Fund does not dispute that attorneys' fees are within the definition of "compensation" of Labor Code section 5814 and that unreasonable delay in payment of attorneys' fees is grounds for the assessment of a 10 percent penalty. The question is whether the penalty should be 10 percent of the attorneys' fees or 10 percent of the permanent disability indemnity from which the attorneys' fees were to be deducted.

---

[1]Labor Code section 3207 provides in part: "'Compensation' means compensation under Division 4 [of the Labor Code, part of the Workers' Compensation Act] and includes every benefit or payment conferred by Division 4 upon an injured employee, . . ."

In *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 827 [153 Cal.Rptr. 590, 591 P.2d 1242], the Supreme Court held that the penalty is to be computed by assessing 10 percent of the entire amount ultimately awarded for the *particular class of benefit* which has been unreasonably delayed or withheld. No credit is allowed to the employer or carrier for amounts previously paid without delay on the specific benefit awarded.

The language of section 5814, referring to the "full" amount of an award, makes no provision for credit for any partial payments. If any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entire amount of that benefit.

In its en banc opinion, the WCAB reasoned that since "the lien for attorney's fee was allowed pursuant to Labor Code § 4903 and against the permanent disability compensation," State Fund's unreasonable delay in payment of the awarded attorneys' fees "was an unreasonable delay in the payment of permanent disability indemnity" and therefore "The particular class of benefit which was unreasonably delayed ... was permanent disability indemnity." (*La. Favor* v. *Arvin Union School District, supra*, 45 Cal.Comp.Cases, at p. 291.)

State Fund argues that attorneys' fees payable pursuant to Labor Code section 4903, subdivision (a) are a separate class of benefit and therefore the penalty is only 10 percent of the $3,300 attorneys' fees. Respondents urge that attorneys' fees are merely a part of permanent disability indemnity and therefore the class of benefit delayed is permanent disability. If respondents' position is correct, then the penalty was properly imposed upon the *entire* permanent disability award including the life pension.[2] In accordance with the express holding of *Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d 815, 827, the penalty would apply to the entire permanent disability award even though payments directly to applicant under the award were at no time unreasonably delayed or refused. Exempt from the penalty, however, would be permanent disability indemnity payments voluntarily and timely paid by State Fund to applicant *prior* to the issuance of the permanent disability award. (*Garcia* v. *Workmen's Comp. Appeals Bd.*

---

[2]A life pension (Lab. Code, § 4659) is not a separate class of benefit but merely a part of the permanent disability benefit class. (*County of Los Angeles* v. *Workers' Comp. Appeals Bd. (Crowe)* (1980) 103 Cal.App.3d 877, 881, fn. 3 [163 Cal.Rptr. 246].)

(1972) 6 Cal.3d 687, 690, fn. 2 [100 Cal.Rptr. 149, 493 P.2d 877]; *State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd. (Sturm)* (1973) 35 Cal.App.3d 374 [110 Cal.Rptr. 757]; *Ramsey* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693, 698 [83 Cal.Rptr. 51].)

While not cited by the WCAB, apparently supporting its position is *Vogh* v. *Workmen's Comp. App. Bd.* (1968) 264 Cal.App.2d 724 [70 Cal.Rptr. 722], an opinion of this court. In *Vogh*, the defendants failed to timely pay the awarded attorneys' fees and medical-legal expenses. The injured worker claimed a penalty should have been assessed. Relying on *Hockett* v. *Industrial Acc. Com.* (1959) 170 Cal.App.2d 155 [338 P.2d 604], we declined to assess a penalty against the delayed medical-legal expenses as such were "in the nature of costs rather than compensation." (*Vogh, supra*, at p. 728.)

We did permit a penalty with regard to the delayed attorneys' fees, stating: "[A]ttorney's fees are not costs which the [employers and their carriers] are required to pay. They are an expense to the [injured worker] but statutory provision is made to allow the attorney a lien against the compensation benefits awarded to the [injured worker]. (Lab. Code, §§ 4902, 4903, subd. (a).) If the penalty is appropriate, it applies to the compensation to which the [injured worker] is entitled and it is payable to the [injured worker] and not to the lienholder. However, as the court held in *Hockett*, while the 10 percent penalty is properly allowed to the [injured worker] on all compensation awarded, the lien [itself, payment of which was delayed] cannot be increased by the additional 10 percent penalty since such an allowance would have been to duplicate the penalty award." (*Vogh*, at p. 728.)

We observe, however, that subsequent to our decision in *Vogh*, the Supreme Court in *Adams* v. *Workers' Comp. Appeals Bd., supra*, 18 Cal.3d 226, 230-231, disapproved of *Hockett* and *Vogh* to the extent they held that medical-legal expenses were not subject to a penalty under Labor Code section 5814. *Adams* holds that medical-legal expenses are "compensation" and thus subject to the penalty provision of Labor Code section 5814. (*Adams, supra*, at p. 231.) The Supreme Court decision in *Adams* is significant in that obviously in *Vogh* we were influenced by the fact that under *Hockett*, if we viewed attorneys' fees as separate and apart from the permanent disability indemnity from which such fees were awarded, then attorneys' fees would be in the nature of costs to which no penalty could attach.

Further, in *Gallamore, supra*, 23 Cal.3d 815, the court admonished that "In penalty cases the board should proceed with a view toward achieving a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties." (*Id.*, at p. 828.) Accordingly, we believe that it is appropriate to reconsider our decision in *Vogh* as it pertains to the question presented herein.

Attorneys' fees are generally assessed against permanent disability indemnity more as a matter of necessity and WCAB practice than statutory requirement. Labor Code section 4903, subdivision (a) provides that "A reasonable attorney's fee for legal services" is allowable as a lien against any sum to be paid as compensation.

As previously noted, "compensation" refers to "every [worker's compensation] benefit or payment conferred by Division 4 [of the Labor Code] upon an injured employee, . . ." (Lab. Code, § 3207.) Thus, the lien for legal services pursuant to Labor Code section 4903, subdivision (a) is assessable against all classes of workers' compensation benefits and not just the permanent disability award.

The practice of paying attorneys' fees out of permanent disability indemnity seems to have resulted from the fact that one of the primary ingredients utilized by the WCAB in calculating attorneys' fees is the amount of the permanent disability indemnity award,[3] (see *Reich, Adell, Crost & Perry* v. *Workers' Comp. Appeals Bd., supra*, 99 Cal. App.3d 225, 232-234; 1A Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1980) § 16.03.) and the further fact that permanent disability indemnity is a ready source of funds for the payment of the attorneys' fees. Often by the time attorneys' fees are awarded, all the temporary disability indemnity has been paid. Other benefits, such as medical treatment, are not readily converted into cash for payment of attorneys' fees (2 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) § 17.17).

█ It is clear, however, that attorneys' fees are not a part of permanent disability indemnity as a consequence of their statutory origin. Merely because attorneys' fees are, in some cases, calculated upon and assessed out of permanent disability indemnity does not make them a

---

[3] The other two primary ingredients are the amount of death benefit or compromise and release settlement. (1A Hanna, *op. cit. supra*, § 16.03.)

part of the permanent disability class of benefit. (*Burton* v. *Workers' Comp. Appeals Bd.* (1980) 112 Cal.App.3d 85, 90-91 [169 Cal.Rptr. 72].)

Were we to accept the WCAB's analysis, the calculation of the penalty for delay in the payment of attorneys' fees under Labor Code section 4903, subdivision (a) would totally be a function of the class of benefit (or perhaps classes of benefit) out of which the WCAB has chosen to assess the attorneys' fees.

We conclude that for the purpose of applying the penalty provision of Labor Code section 5814, attorneys' fees are a separate "class of benefit." Any other conclusion would result in excessive penalties which are not justified or required by the language of the pertinent statutes. (See *Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.* (1977) 75 Cal.App.3d 192, 196 [141 Cal.Rptr. 925].)

## IV

The WCAB's calculation of the penalty as 10 percent of the entire permanent disability award is annulled. The cause is remanded to the WCAB with directions to calculate the penalty as 10 percent of the attorneys' fees of $3,300, for a penalty of $330.

Roth, P. J., and Fleming, J., concurred.

The petition of respondent La Favor for a hearing by the Supreme Court was denied May 13, 1981.