[Civ. No. 60030. Second Dist., Div. Two. Mar. 20, 1981.]

GENERAL ACCIDENT GROUP, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD
and GERRY W. LUCAS, Respondents.

COUNSEL

Ibold & Anderson, Charles R. Ibold, Jr., and Nancy Thornburg for Petitioner.

Kenneth S. Greenberg and Dexter W. Young for Respondents.

Kathe Moore as Amicus Curiae on behalf of Respondents.

OPINION

COMPTON, J.—Petitioner General Accident Group (General) seeks review of a decision of respondent Workers' Compensation Appeals Board (WCAB) wherein a 10 percent penalty pursuant to Labor Code section 5814[1] for the delay in payment of attorneys' fees, was fixed at

---

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

*10 percent of the permanent disability award.* For reasons more fully set forth in our decision in *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd. (La Favor)* (1981) *ante,* page 143 [172 Cal.Rptr. 557], filed concurrently herewith, we annul the WCAB's decision with directions to calculate the penalty as 10 percent of the attorneys' fees only.

## I

Respondent Gerry W. Lucas (hereinafter applicant) sustained an admitted industrial injury to his back, neck and arms. The workers' compensation insurance carrier for applicant's employer is General. The WCAB award to applicant consisted of several elements, to wit: (1) temporary disability indemnity payable for the period September 1, 1977, through June 13, 1978; (2) permanent disability indemnity of 30-1/2 percent; (3) further medical treatment; (4) payment for transportation expenses incurred by applicant in attending a medical evaluation; and (5) payment of the lien for medical legal costs incurred by applicant to prove his claim. General was directed to withhold $1,200 from the award for payment of attorney's fees. (Lab. Code, § 4903, subd. (a).) The award did not specify which of these various elements comprising the award was to be used for such purpose.

General made timely payment of the award except for the transportation expenses and the attorneys' fees. General does not dispute that the delay was unreasonable and supports the imposition of a 10 percent penalty pursuant to Labor Code section 5814.

The workers' compensation judge increased the amount of transportation expenses and the attorneys' fees by 10 percent. Thus, with regard to the attorneys' fees the judge assessed a penalty of $120. Upon applicant's petition for reconsideration, the WCAB increased the penalty to 10 percent of the entire permanent disability indemnity award on the basis that the attorneys' fees were originally allowed against permanent disability indemnity. By this method of calculation, the penalty was determined to be $952.88.

## II

In *Gallamore v. Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, at page 827 [153 Cal.Rptr. 590, 591 P.2d 1242], the court held that under Labor Code section 5814, "the penalty is to be computed by assessing 10 percent of the entire amount ultimately awarded for the

*particular class of benefit* which has been unreasonably delayed or withheld." (Italics added.)

In our opinion concurrently filed herein, *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd., (La Favor) supra, ante*, page 143, we held that for purposes of the penalty provision of Labor Code section 5814, attorneys' fees are a separate "class benefit" and accordingly the penalty is to be calculated as 10 percent of the attorneys' fees rather than 10 percent of the award out of which the attorney's fees were ordered paid. The facts of the present matter dramatically demonstrate the validity of that approach.

Here, the WCAB applied the penalty to the entire permanent disability indemnity award allegedly on the basis that that was the benefit from which the attorneys' fees were to be paid. The original award, however, did not so specify. Instead, the attorneys' fees were a general assessment on the entire award. If we were to accept the WCAB's underlying analysis, the penalty would apply to all classes of benefits contained in the award.

The vice of the WCAB's approach is clear. By making the attorneys' fees a general assessment against all the classes of benefits contained in an award, rather than an assessment against a particular class of benefit, such as permanent disability, the Supreme Court's decision in *Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d 815, limiting the penalty to the class of benefit delayed, would be emasculated and the WCAB could control the amount of the penalty by selecting which benefit it desired to use as the basic figure.

As we pointed out in *La Favor*, attorneys' fees pursuant to Labor Code section 4903, subdivision (a), are a lien not just on permanent disability indemnity but on "any sum to be paid as compensation," which includes all classes of benefits awarded to the injured worker under division 4 of the Labor Code. (Lab. Code, § 3207.)

Since the WCAB has the power to determine the "compensation" out of which the attorneys' fees are to be paid, there is a great potential for abuse of the *Gallamore* rule that "In penalty cases the board should proceed with a view toward achieving a fair balance between the right of the employee to prompt payment of compensation benefits, and the avoidance of imposition upon the employer or carrier of harsh and unreasonable penalties." (*Id.*, at p. 828.)

## III

Accordingly, the penalty of $120, or 10 percent of the previously awarded attorneys' fees of $1,200, as calculated by the workers' compensation judge, was correct. The WCAB's present penalty computation is annulled. The cause is remanded to the WCAB with directions to award a penalty of 10 percent of the attorneys' fees or a penalty of $120.

Roth, P. J., and Fleming, J., concurred.