Filed 11/22/16 Certified for publication 12/21/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| REBECCA GAGE, | C081618 |
| Petitioner, | (WCAB No. ADJ8010054) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and COUNTY OF SACRAMENTO, | |
| Respondents. | |

At issue in this case is whether the Workers' Compensation Appeals Board (WCAB) has jurisdiction to impose penalties under Labor Code section 5814[1] for the unreasonable delay or denial of advance disability pension payments, available under section 4850.4 to local peace officers who are disabled on the job. Because: (1) such payments qualify as compensation under section 3207; (2) section 5814 penalties are available for unreasonable delay or denial of the payment of compensation; and (3) no

_____

[1] Further undesignated statutory references are to the Labor Code.

1

other provision of the Labor Code evinces a legislative intent to exclude such payments from the penalty provisions of section 5814, we conclude that the answer is yes.

Rebecca Gage was a deputy sheriff in Sacramento County who sustained a job-related injury and applied for industrial disability retirement. She also requested advance disability pension payments while her retirement application was processed. Although she eventually received such advance pension payments, Gage also sought penalties under section 5814 for an unreasonable delay. The workers' compensation judge (WCJ) ruled section 5814 penalties were available for the unreasonable delay in payment of advance disability pension payments, but deferred the decision on whether the delay in this case was unreasonable. The County petitioned for removal. The WCAB reversed the WCJ's findings of fact and order. Gage petitioned for a writ of review.

We will remand for a determination of whether section 5814 penalties are appropriate in this case.

## BACKGROUND

Gage applied for service-connected disability retirement with the Sacramento County Employees' Retirement System (SCERS) on March 6, 2015.[2] She requested section 4850.4 advance disability pension payments until her pension application was processed.

On June 2, Gage petitioned the WCAB, contending the County had failed and refused to commence payment of the section 4850.4 benefits; she also requested penalties under section 5814. The County responded that it did not receive notice of Gage's application for disability retirement until June 11, and it was working to begin section 4850.4 benefit payments. The County also objected to the request for penalties. It claimed there was no unreasonable delay or denial. Further, it was the County's "belief

---

[2] All further dates are in 2015, unless otherwise indicated.

and understanding" that the WCAB had no jurisdiction to make determinations concerning an applicant's disability pension payments.

Subsequently, the County notified Gage that SCERS could not determine her benefit amount because there was a legal joinder filed against her SCERS account. This matter was resolved by June 26.

On June 29, the County informed Gage that her request for advance disability pension payments had been approved and the benefits were to commence effective May 8. The next day, Gage filed a petition for penalties for an unreasonable delay, noting the County had indicated the benefit check would not be sent until July 2 and Gage would not receive it until July 3 or 4.

The matter proceeded to trial. The issue was limited to whether section 5814 penalties were an appropriate remedy if the County failed to comply with the requirements of section 4850.4 (which we detail *post*). The parties tendered their exhibits and the matter was submitted. The issue of penalties was reserved.

The WCJ found section 4850.4 advanced disability pension payments were "compensation" under section 3207 and therefore section 5814 penalties applied in the case of an unreasonable delay.

The County petitioned for removal. The County argued it would be "counter-intuitive" for the WCAB to have jurisdiction over the penalty for delayed section 4850.4 benefits where it had no jurisdiction to award these benefits in the first instance.

The WCJ recommended the petition be denied. He noted the advance disability pension payments were intended to provide for the public safety officer while his or her retirement application was pending and without such payments, the officer might be unable to pay for food or housing.

The WCAB granted reconsideration and reversed the order. It found that because advance disability retirement payments were not equivalent to regular workers' compensation benefits, but are instead obligations of the applicable retirement system, a

3

denial or delay in the payment of these benefits was not subject to a section 5814 penalty. One board member dissented, opining that section 4850.4 benefits fell within the clear statutory definition of compensation in section 3207. The County had the obligation to pay that compensation and the WCAB had jurisdiction to enforce that payment through the penalty provision of section 5814.

Gage petitioned for a writ of review.

## DISCUSSION

### I

*The Law*

California's workers' compensation law is codified in division 4 of the Labor Code (§§ 3200 et seq.). (See Cal. Const. art. XIV, § 4.) Its fundamental purpose is "to protect individuals from any 'special risks' of employment." (*Laeng v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 771, 774.) Division 4 "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.)

Public employees are covered by workers' compensation. (§ 3351; *State of California v. Workers' Comp. Appeals Bd.* (1996) 44 Cal.App.4th 128, 133 (*Ellison*).) Certain public employees engaged in active law enforcement who are disabled on the job are entitled to special benefits in lieu of disability benefits. Under section 4850, they are entitled to a leave of absence without loss of salary. A county that is subject to the County Employees Retirement Law of 1937 "*may* make advanced disability pension payments to any local safety officer who has qualified for benefits under Section 4850 and is approved for a disability allowance." (§ 4850.3, italics added.) "The payments shall be no less than 50 percent of the estimated highest average annual compensation earnable by the local safety officer during the three consecutive years of employment immediately preceding the effective date of his or her disability retirement, unless the local safety officer chooses an optional settlement in the permanent disability retirement

4

application process which would reduce the pension allowance below 50 percent." (*Ibid.*)

In 2002, the Legislature made these advance disability retirement payments mandatory. (Stats. 2002, ch. 189, § 1.) The county "*shall* make advanced disability pension payments in accordance with Section 4850.3 unless" a "physician determines that there no discernible injury to, or illness of, the employee," the "employee was incontrovertibly outside the course of his or her employment duties when the injury occurred," or there is proof of fraud. (§ 4850.4, subd. (a), italics added.) The employer is required to make advanced disability payments if the employee files a timely application for disability retirement and fully cooperates in providing information and with the medical examination and evaluation process. (*Id.*, subd. (d).) The payments shall commence no later than 30 days after the latest of the employee's last payment of wages or salary, benefits under section 4850, or sick leave. (*Id.*, subd. (b).) If the employee's disability application is denied, the employee must repay these benefits; if the employer and the local agency cannot agree on a repayment plan, the matter shall be submitted to the local agency administrative appeals remedy. (*Id.*, subd. (f).)

The WCAB may impose penalties where payment of compensation is denied or unreasonably delayed. Section 5814, subdivision (a) provides in part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the amount of the payment unreasonably delayed or refused shall be increased up to 25 percent or up to ten thousand dollars ($10,000), whichever is less. In any proceeding under this section, the appeals board shall use its discretion to accomplish a fair balance and substantial justice between the parties."

"[A]lthough denominated a 'penalty,' [section 5814] is to be interpreted liberally, in accordance with the general purpose of the workmen's compensation laws." (*Kerley v. Workmen's Comp. Appeals Bd.* (1971) 4 Cal.3d 223, 227 (*Kerley*).) " 'The penalty . . . is designed to help an employee obtain promptly the cure or relief he is entitled to under the

5

law, and to compel his employer to provide this cure or relief in timely fashion.' [Citation.] The penalty has been applied to virtually all types of benefits provided by the workers' compensation laws . . . ." (*Adams v. Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226, 229 (*Adams*) [applying § 5814 to medical and legal costs].)

" 'Compensation' " under division 4 "includes every benefit or payment conferred by this division upon an injured employee, or in the event of his or her death, upon his or her dependents, without regard to negligence." (§ 3207.) " 'The term "compensation" is a technical one and includes all payments conferred by the act upon an injured employee. "Compensation" of an employee in the form of wages or salary for services performed, does not have the same meaning as the word "compensation" in the Workmen's Compensation Act. The former is remuneration for work done; the latter is indemnification for injury sustained. . . .' [Citation.]" (*Knopfer v. Flournoy* (1973) 34 Cal.App.3d 318, 320-321 (*Knopfer*).)

"In considering a petition for writ of review of a decision of the WCAB, this court's authority is limited. This court must determine whether the evidence, when viewed in light of the entire record, supports the award of the WCAB. This court may not reweigh the evidence or decide disputed questions of fact. [Citations.] . . . Questions of statutory interpretation are, of course, for this court to decide. [Citations.]" (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233–234.)

II

*Applicability of Section 5814 Penalties*

A. *Plain Meaning*

Gage's argument that section 5814 penalties are applicable to section 4850.4 benefits is based on the plain language of the statutes. Section 5814 provides a penalty, in the form of an increased payment, "[w]hen payment of compensation has been unreasonably delayed or refused." Compensation "includes every benefit or payment conferred by this division." (§ 3207.) Section 4850.4 benefits are in "this division" --

6

division 4 of the Labor Code. Thus, Gage argues, section 4850.4 benefits are compensation and section 5814 penalties apply to an unreasonable delay in their payment.

"The interpretation of a labor statute is a legal question which we review independently from the determination of the appeals board. [Citation.] Nonetheless, we generally defer to the appeals board's interpretation of labor statutes, unless the interpretation is clearly erroneous. [Citation.] We begin with the familiar axiom that we must apply the plain language of the statute if it is unambiguous on its face. [Citation.]" (*Boehm & Associates v. Workers' Comp. Appeals Bd*. (1999) 76 Cal.App.4th 513, 515-516.) "If the language is clear and unambiguous, there is ordinarily no need for judicial construction. [Citation.] In construing a provision, 'we presume the Legislature meant what it said' and the plain meaning governs. [Citation.]" (*Smith v. Workers' Comp. Appeals Bd.* (2009) 46 Cal.4th 272, 277.)

The " 'plain meaning' " rule, however, "does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.]" (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

The County does not argue that applying section 5814 penalties to delayed payments of section 4850.4 benefits is contrary to the intent of the workers' compensation statutes. Nor would such an argument be convincing. Section 5814 is intended to help an injured employee obtain help promptly. (*Adams, supra,* 18 Cal.3d at p. 229.) Applying section 5814 to advanced disability pension benefits furthers this

7

purpose. As the WCJ noted, without such advance payments, the disabled officer may have difficulty supporting him or herself until disability retirement payments begin.

Rather, the County argues that applying section 5814 penalties to section 4850.4 benefits is inconsistent with the entire statutory scheme. It posits that because disability pension advances are subject to the County Employees' Retirement Law of 1937, they are not workers' compensation benefits nor are they in lieu of workers' compensation benefits, so they are not "compensation" as referenced by section 5814. The County asserts that since the Workers' Compensation Board has no jurisdiction to award section 4850.4 benefits to a disabled employee, "it would be counter-intuitive for the Workers' Compensation Board to have the jurisdiction to penalize an employer for any delay or denial of [section 4850.4] disability pension advancements."

B. *Section 4850.4 in Context*

We recognize that the plain "meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735.) We must interpret the language "in the light of the statutory scheme." (*Ibid*.)

Other provisions of the Labor Code may show that "compensation" is not always given the broad, literal definition in section 3207. For example, section 5300, subdivision (a) grants the WCAB exclusive jurisdiction for recovery of compensation, including any right or liability arising out of or incidental thereto. Yet the WCAB has no jurisdiction to determine eligibility for benefits under section 4800, which provides for a leave of absence for members of the Department of Justice falling within the "state safety" class who are disabled by injury arising out of and in the course of their duties, even though section 4800 is in division 4. (*Department of Justice v. Workers' Comp. Appeals Bd*. (1989) 213 Cal.App.3d 194, 197 (*DOJ*).) The *DOJ* court based its conclusion on section 4801 which limits the WCAB's jurisdiction to determining, upon

8

request, whether the disability arose out of and in the course of duty and when the disability ceases. (*DOJ,* at p. 200.) Thus, another, more specific, provision of the Labor Code overrode the broad definition of "compensation."

Here, the WCAB mistakenly relied on subdivision (f) of section 4850.4 to deny itself jurisdiction to award penalties with respect to section 4850.4 benefits. Subdivision (f) grants jurisdiction to resolve disputes over repayment of advance disability pension payments, where the final adjudication is that the disability retirement is denied, to the local agency's administrative appeal remedy, not to the WCAB. (§ 4850.4, subd. (f).) But the fact that the resolution of disputes over *repayment* is excluded from the WCAB's jurisdiction does not show the lack of jurisdiction to impose *penalties*. To the contrary, as noted by the dissenting panel member of WCAB, it "evidences an intention by the Legislature that the WCAB protect the injured worker by acting to assure that this item of compensation is timely paid."

In *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382 (*DuBois*), our Supreme Court held the Uninsured Employer Fund (UEF) is not subject to payment of a section 5814 penalty for its own unreasonable delay in paying benefits to an injured worker. The UEF was "created to ensure that workers who happen to be employed by illegally uninsured employers are not deprived of workers' compensation benefits." (§ 3716, subd. (b).) Section 3716.2 provides in part: "The [UEF] shall not be liable for any penalties or for the payment of interest on any awards." The court considered this sentence "in the context of the entire statute (§ 3716.2) and the statutory scheme of which it is a part." (*DuBois*, at p. 388.) The provisions creating the UEF and defining its obligations express no "legislative concern for the timeliness of the benefits to be provided by the UEF" and emphasize "the Legislature's intent to limit the purposes for which the UEF's funds are to be applied, and to impose only derivative liability upon the UEF." (*Id.* at p. 389.) The court found nothing to indicate the UEF was to pay any amount greater than the award against the employer and the statute set no deadline for

payment.  (*Id.* at p. 390.)  "In light of the apparent legislative intent to ensure basic compensation to all employees otherwise deprived of benefits, the derivative nature of the UEF's statutory liability, and the failure of the Legislature expressly to provide a deadline within which the UEF must pay benefits after entry of the award and failure by the uninsured employer to pay the award, we believe there is no statutory basis to support the underlying assertion of DuBois and amicus curiae that the UEF may be subject to a penalty for its own unreasonable delay in paying benefits."[3]  (*Ibid.*)

In contrast to the statutory provisions regarding the UEF, the provisions for advance disability retirement payments have no express exclusion from penalties, nor is there a legislative concern of limiting the amount to be paid.  Further, section 4850.4, subdivision (b) provides an express deadline for payment, no later than 30 days after the last payment of wages or salary, section 4850 benefits, or sick leave.  (§ 4850.4, subd. (b).)  The obvious intent is to have benefits continue with minimal interruption.

---

[3]  In concluding the UEF is not subject to section 5814 penalties for delayed payment, the *DuBois* court also considered Government Code section 818.  That section provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  The court concluded "that application of a statutory penalty provision to the UEF is not permitted, absent express legislative authorization."  (*DuBois, supra,* 5 Cal.4th at p. 398.)  In *Ellison, supra,* 44 Cal.App.4th 128, the court considered case law subsequent to *DuBois*, such as *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co*. (1994) 9 Cal.4th 27, 36, that distinguished between damages and compensation.  "[I]n light of the rather consistent and recent distinction made in the cases between damages and compensation [citation], and Government Code section 818's application to 'damages' only, not 'compensation,' we are of the view that the section is inapplicable to the section 5814 penalty in this case."  (*Ellison,* at p. 145.)  Section 5814 penalties have been imposed against public entities.  (See, e.g., *Green v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 1426 [remanding for application of new section 5814 penalty against the City of Compton; *Johnson v. Workers' Comp. Appeals Bd.* (1985) 163 Cal.App.3d 770 [reinstating section 5814 penalty against Town of Los Gatos].)

C. *Comparison of Section 4850.4 to Section 4850*

In its decision, the WCAB noted that earlier panels of the WCAB had found that the delayed payment of section 4850 benefits--a benefit it described as "similar" to section 4850.4 benefits--is not subject to a section 5814 penalty. Section 4850 provides a leave of absence without loss of pay to certain disabled law enforcement officers in lieu of temporary disability or maintenance allowance payments. The WCAB cited two decisions, *Johnson v. Workmens' Comp. Appeals Bd.* (1971) 36 Cal.Comp.Cases 218 [writ denied]; *Morgan v. Workmens' Comp. Appeals Bd.* (1971) 36 Cal.Comp.Cases 482 [writ denied], both over 40 years old, which held delayed payment of section 4850 benefits was not subject to section 5814 penalties. The WCAB claimed this result was reached notwithstanding section 4851, which confers jurisdiction on the WCAB to award and enforce payment of section 4850 benefits, as well as confers upon it the power to determine whether the disability arose out of and in the course of duty, when the disability commenced and ceased, and the amount of benefits to which the employee was entitled.

First, the WCAB failed to recognize that section 4851 has been significantly amended since the 1971 decisions; in 1971, the various powers conferred were not as recited above. "The Board's role set forth in section 4851 has steadily increased. In 1969 the Board's role under section 4851 was virtually identical to that in section 4801: the Board determined whether the disability arose out of and in the course of duty, and in disputed cases when the disability existed. [Citation.] In 1977 the Board's role was increased to include the determination of the amount of benefits. [Citation.] In 1985 the Board was given the jurisdiction to award and enforce payments. [Citation.]" (*DOJ, supra,* 213 Cal.App.3d at p. 203.)

Second, the WCAB failed to acknowledge that it has changed its position as to its jurisdiction to award section 5814 penalties on section 4850 benefits. In finding it *did* have jurisdiction to impose a section 5814 penalty on section 4850 benefits, the WCAB

11

explained its change of position by noting the trend of local agencies to self-insure, the broad definition of "compensation" in the *Adams* and *Knopfer* cases, and the amendments to section 4851 empowering the WCAB to determine the amount of salary payable under section 4850. (*City of Burbank v. Workers' Comp. Appeals Bd.* (1984) 49 Cal.Comp.Cases 696; see also *City of Oceanside v. Workers' Comp. Appeals Bd.* (2006) 71 Cal.Comp.Cases 524 [upholding award of section 4850 benefits and 5814 penalty].)

The County contends that while section 4851 grants the WCAB jurisdiction to award benefits under section 4850, there is no statute granting similar jurisdiction as to benefits under section 4850.3 and 4850.4. Eligibility for advance disability pension payments, however, is dependent upon qualification for benefits under section 4850. The advanced disability pension payments are limited to "any local safety officer *who has qualified for benefits under Section 4850 and is approved for a disability allowance.*" (§ 4850.3, italics added.)

D. *Equivalence to Workers' Compensation Benefits*

The WCAB also relied on *Ellison, supra,* 44 Cal.App.4th 128, to find that because section 4850.4 advance disability pension benefits are not workers' compensation benefits, section 5814 does not apply. At issue in *Ellison* was "whether the [WCAB] has jurisdiction to impose a penalty for unreasonable delay in payment of industrial disability leave (IDL) to which an injured state employee is entitled under Government Code section 19869 et seq." (*Ellison,* at p. 130.) The IDL benefit provides a temporary disability in an amount usually greater than the amount available under temporary disability indemnity (TD). (*Id.* at p. 133.) The WCJ imposed a section 5814 penalty for unreasonable delay in the IDL benefit. The WCAB upheld the penalty, but calculated it on only the lesser amount of TD that would have been due, not the greater IDL amount. (*Id.* at p. 132.) The WCAB found there was no dispute that it had no jurisdiction over IDL benefits, provided for in the Government Code, but the penalty was not for

12

unreasonable delay in paying IDL benefits, but rather for the failure to pay *any* benefits for the employee's temporary disability. (*Id.* at p. 141.)

The *Ellison* court affirmed and found the WCAB had jurisdiction to impose the penalty. "Our conclusion is based on the Legislature's definition of IDL as identical with temporary disability indemnity (TD) under the Labor Code (Gov. Code, § 19870, subd. (a)), the Board's unquestioned jurisdiction of TD which is also available to an injured state employee, the Board's construction of its authority which is not clearly erroneous, the Legislature's salutary general purpose in authorizing the penalty in cases of unreasonably delayed payment, and the requirement that statutory enactments pertaining to workers' compensation are to be construed liberally in favor of the injured worker." (*Ellison, supra,* 44 Cal.App.4th at p. 130, fn. omitted.)

The WCAB asserted that *Ellison* held the WCAB had jurisdiction to impose a penalty on IDL benefits only because IDL was a form of temporary disability.[4] Of course, as the WCAB recognized in its *Ellison* decision, if IDL had not been "identical" to TD (*Ellison, supra,* 44 Cal.App.4th at p. 130), the WCAB would have lacked jurisdiction to impose any penalty because IDL is not "compensation"; IDL is not a benefit under division 4 of the Labor Code, but is provided under the Government Code. (*Ellison,* at pp. 141-142.)

Here, by contrast, advance disability pension payments *are* compensation, as they are provided for in division 4. Further, section 4850.4 benefits replace section 4850 benefits (§ 4850.4, subd. (b)), and section 4850 benefits are "in lieu of temporary disability payments or maintenance allowance payments." (§ 4850, subd. (a).) Thus,

_____

[4] The WCAB misreads *Ellison.* There, the penalty was imposed not on the IDL benefits, as to which the parties agreed the WCAB had no jurisdiction, but on only the lesser TD benefits. One reason for upholding the penalty was that Government Code section 19870, subdivision (a) declared IDL was temporary disability. (*Ellison, supra,* 44 Cal.App.4th at p. 130.)

13

section 4850.4 benefits are intended to serve the same purpose as workers' compensation benefits.

In *Ellison*, the court reached its conclusion in part because the WCAB held the view that it had jurisdiction to impose the penalty. (*Ellison, supra,* 44 Cal.App.4th at pp. 141-142.) Here, our conclusion differs from that of the WCAB. "As the constitutional agency charged with enforcement and interpretation of the Workers' Compensation Law, the [WCAB's] contemporaneous construction of that law, while not necessarily controlling, is entitled to great weight, and courts will not depart from its construction unless it is clearly erroneous or unauthorized." (*Pinkerton, Inc. v. Workers' Comp. Appeals Bd*. (2001) 89 Cal.App.4th 1019, 1029.) As we have discussed, however, the WCAB has not addressed the plain language of section 3207 defining compensation, has failed to identify any statute that shows a legislative intent *not* to follow this plain language in this circumstance, and has failed to recognize its own prior (but more recent) decisions. Further, there are errors in its legal analysis. Finally, our interpretation is supported by the general rule of liberal construction of workers' compensation laws to protect injured workers. (§ 3202.) This liberal construction applies to penalties. (*Kerley, supra,* 4 Cal.3d at p. 227.)

## DISPOSITION

The WCAB's Opinion and Decision after Reconsideration, filed February 22, 2016, is annulled and the matter is remanded to the WCAB for further proceedings to determine whether a penalty is appropriate under section 5814.


_____/s/_____
Duarte, J.

We concur:


_____/s/_____
Nicholson, Acting P. J.


_____/s/_____
Renner, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| REBECCA GAGE, | C081618 |
| Petitioner, | (WCAB No. ADJ8010054) |
| v. | ORDER CERTIFYING OPINION FOR |
| WORKERS' COMPENSATION APPEALS BOARD and COUNTY OF SACRAMENTO, | PUBLICATION |
| Respondents. | |

The opinion in the above-entitled matter filed on November 22, 2016, was not certified for publication in the Official Reports. For good cause it now appears the opinion should be published in the Official Reports, and it is so ordered.

FOR THE COURT:

    /s/
Nicholson, Acting P. J.

    /s/
Duarte, J.
    /s/
Renner, J.

1

# EDITORIAL LISTING

APPEAL from the opinion and decision after reconsideration of the Workers' Compensation Appeals Board's, Deidra E. Lowe and José H. Razo, Commissioners. Annulled and remanded with directions.

Mastagni Holstedt and Gregory George Gomez, for Petitioner.

James T. Losee for Respondent Workers Compensation Appeals Board.

Twohy, Darneille & Frye, Karen J. Ponton, Amy Roberts and Tyler C. Roberts, for Respondent County of Sacramento.