*787
 
 FOX, P. J.
 

 This is an action by Lynda Spurrell to establish in California a judgment of divorce between the parties previously granted in the State of Washington in June 1952. The defendant has appealed from an adverse judgment relative to the amount owed to plaintiff for the support of the minor child, Colyn Peter Spurrell.
 

 The decree approved a property settlement between the parties and awarded custody of their minor child, then 6 years of age, to the mother, subject to reasonable rights of visitation on the part of the father.
 

 Thereafter, on April 20, 1953, the Washington court modified the original decree to more specifically define the father’s visiting rights and to make further provision with respect to his payment of support for the child and also provision for catching up on delinquent payments which were then found to amount to $1,325. More specifically, the modification contained the following order relative to these matters: “. . . plaintiff [the father
 
 [1]
 
 ] be and is hereby required to pay $200.00 per month commencing on the 19th day of April, 1953, $100.00 per month on past indebtedness and until the $1,325.00 is fully paid and $100.00 per month of which is for the support of the minor child, Colyn Peter Spurrell, whose custody and care is awarded the defendant till the further order of the court subject to visitation rights in plaintiff at reasonable times and to his right to have said child during the month of July; plaintiff to pay transportation for said son both ways and if he be denied such right the amount he should pay for said son’s support shall be reduced to $50.00 per month.”
 

 Plaintiff in the instant action alleges that the right of the defendant under the above modification to have said child during the month of July has never been denied; that defendant’s obligation to pay $100 per month for the support of said child has continued in full force and effect since the date of the modification, namely, April 20, 1953; that defendant was delinquent in said payments in the amount of $3,850 as of April 19, 1959; since the rendition of the Washington modification both parties have moved and are now residents of California; that by reason of the removal of the parties to this state, plaintiff is unable to secure the enforcement of said judgment in the State of Washington; and that it is necessary for the protection of the rights of the plaintiff that
 
 *788
 
 said judgment be established as a foreign judgment in this state.
 

 In his answer defendant makes certain denials and in particular denies-plaintiff’s allegation that his right to have said child during the month of July had never been refused and affirmatively alleges that all payments called for by the .decree had been made.
 

 On January 11, 1960, prior to trial, the parties entered into a stipulation for the change of custody of Colyn Peter. Pursuant to this stipulation an order was made by the Superior Court of Ventura County modifying the order' of the Superior. Court of Washington of April 20, 1953, by awarding the custody and control of said minor to his father, subject to reasonable visitation on the part of the mother, and further providing that his father was thereby relieved from making further payments for the support of said minor to plaintiff.
 

 At the conclusion of the trial, the trial court made findings in support of plaintiff’s position- and entered judgment in her favor in the amount of $3,850.
 

 In seeking reversal, defendant contends,
 
 inter alia,
 
 that there is no substantial evidence to support finding No. 3, which reads as follows-. “That according to the Washington decree of April 20, 1953, reasonable visitation was not denied and that payment under said decree should be enforced according to ■ its terms with regard • to, both the delinquent amounts and child support at a sum of $100.00 per month,” and that the findings are inadequate to resolve the issues as framed by the pretrial order.
 

 It will -be recalled that the modified Washington decree provided that the father was given the- right to have the child during the month of July,- that as a condition he was required “to pay transportation for said son both ways” and “if he be denied such right the amount he should pay for said son’s support shall be reduced to $50.00 per month.” The basic issue here is whether the mother at any time denied the father visitation rights provided for in the decree. The most critical period on this question is her asserted denial of his right to-have the child with him “during the month of July” 1953.
 

 ■ Shortly after the entry of the Washington decree the mother with the child moved from the State of Washington to Santa Barbara, California. The father remained in Everett, Washington. July of 1953 was the first such period that the father was entitled to have the child. In attempting to
 
 *789
 
 arrange for the minor child to come to him, the father wrote the mother a letter dated June 15,1953, requesting the mother to place him on a United Airlines nonstop flight to Seattle, stating that he would be waiting for the child’s arrival. The father enclosed in this letter: (1) United Airlines ticket for the child from Los Angeles to Seattle; (2) check dated June 15, 1953, for $25;
 

 [2]
 

 (3) check dated June 19, 1953, for $100 ;
 
 [3]
 
 and (4) cheek dated June 25, 1953, for $5.00.
 
 [4]
 
 Mrs. Spurrell received this letter and with the above enclosures. She did not, however, make any reply to it. As a consequence, Mr. Spurrell sent her a telegram dated June 28, 1953,. reciting that United Airlines would transport a child unattended 8 years of age and that Colyn would be 8 on July 1st and further stating, “I will telegraph additional money necessary to pay all cost to get Colyn to airport from Santa Barbara, including an adult and overnight or will reimburse you. Reply collect.” That night she sent him the following telegram: “Just received wire tonight. Contact Dailey for information. ...” Mr. Dailey was the lawyer in Washington who represented her in the divorce ease there. She testified that her lawyer advised her to keep the boy home.
 

 On July 2 she wrote Mr. Spurrell,
 
 inter alia,
 
 that she could not get time off from her employment to put Colyn on the plane until Monday, July 6, and that “before I leave Santa Barbara with Colyn you will have to wire me my expenses. I want $12.00 for my daily wages; bus fare, round trip; limousine fare, round trip; and two meals.” She neither stated nor estimated the expense of these transportation items and meals nor did she give any explanation of her inability to put the boy on a plane during the weekend. In a postscript she stated: “Monday is the only day I can get off until September.” It seems that her employment at that time was as a bookkeeper in a health and welfare insurance concern. In this letter she also returned the check for $25, mentioned above, because it was not in the amount specified in the modified Washington decree. As a result of this controversy, Mrs. Spurrell did not put the boy on the plane and the father did not have the child with him during July 1953.
 

 
 *790
 
 From the foregoing facts, which are indisputably established by the record, it is clear that Mr. Spurrell had complied with the provisions of the modified decree with respect to “his right to have said child during the month of July” by providing transportation for such visit. It is admitted by Mrs. Spurrell that she did not put the boy on the plane although she held the ticket for his fare and a check for his transportation from Santa Barbara to Los Angeles. It is thus apparent that there is not substantial evidence to support finding No. 3 that “. . . reasonable visitation was not denied. . . ,”
 
 [5]
 

 Notwithstanding the father’s vigorous challenge in his brief that finding No. 3 is without evidentiary support, we find no reference whatever in Mrs. Spurrell’s reply brief to any evidence in support of such finding.
 

 Our examination of the transcript reveals that Mrs. Spur-rel testified that she had to buy special clothing for Colyn to go up North and that his suit case was packed. Her explanation for not sending him appears to be threefold: (1) the asserted advice against sending him from her Washington attorney; (2) that she did not have the money to finance her expenses in bringing the boy from Santa Barbara to the Los Angeles airport; and (3) that she did not approve the arrangement for reimbursement of such expenses that her former husband had offered. In connection with her plea that she did not have the money to finance her trip from Santa Barbara to the Los Angeles airport and return, it should be recalled that the letter of June 15 enclosed a check for $100 which she cashed for the current support of the minor and an additional check for $25 to apply on delinquent support, which she returned in her letter of July 2, and that she was currently employed during this period. Demanding that Mr. Spurrell should advance her the funds for her transportation and expenses to Los Angeles and return and reimburse her for wages was an attempt on her part to add conditions to the Washington decree which it did not contain. It is obvious that her testimony relative to buying clothes for the boy while up North and that his grip was packed is not substantial evidence in support of the challenged finding, for substantial evidence is more than a “mere scintilla” and
 
 *791
 
 means “such relevant evidence as a reasonable man might accept as adequate to support a conclusion.”
 
 (Estate of Teed,
 
 112 Cal.App.2d 638, 644 [247 P.2d 54];
 
 Dyer
 
 v.
 
 Knue,
 
 186 Cal.App.2d 348, 351 [8 Cal.Rptr. 753].) The word “substantial” implies that such evidence must be o£ ponder-able legal significance.
 
 (DiSandro
 
 v.
 
 Griffith,
 
 188 Cal.App.2d 428, 435 [10 Cal.Rptr. 595].)
 

 The other matters mentioned above have no bearing upon the challenged finding nor may they be used by way of excuse or justification for not putting the boy on the plane for, among other reasons, there is no finding with respect to these items on the theory any of them constitute an excuse or justification for her failure to comply with the Washington modified decree. Obviously she would not be justified in ignoring the provisions of the decree merely because her attorney thought it was not a good idea to send the boy to his father for the month of July.
 
 [6]
 
 It is extremely doubtful whether the court would make a finding that she did not have the money to pay her expenses from Santa Barbara to Los Angeles and return in light of the fact that Mr. Spurrell had sent her three checks (mentioned
 
 supra),
 
 one of which (in the amount of $25) she returned in her letter of July 2 and the fact that she was employed and working regularly. Her complaint about the arrangements that Mr. Spurrell had made is wholly immaterial for it is an attempt to add conditions to the modified decree.
 

 An examination of the one page findings of fact in this case demonstrates that counsel for Mrs. Spurrell and the court failed to observe the amendment of section 632, Code of Civil Procedure, in 1959, which reads: “The statement of facts found shall fairly disclose the court’s determination of all issues of fact in the case.” This case demonstrates the validity of the well-settled rule that “findings of fact should be definite and certain.”
 
 (Andrews
 
 v.
 
 Cunningham,
 
 105 Cal.App.2d 525, 528 [233 P.2d 563].)
 

 If upon a retrial it should be determined that Mrs. Spurrell had denied Mr. Spurrell visitation rights at reasonable times or to have the child during the month of July of any year
 
 *792
 
 as provided in the Washington decree of modification and prior to the modification order of January 11, 1960, whereby the custody of Colyn was awarded to Mr. Spurrell and he was thereby relieved from any further duty to pay Mrs. Spurrell for his support, then the court should determine for what period of time the amount for his support should be reduced to $50 per month.
 

 The judgment is reversed. '
 

 Ashburn, J., and Herndon, J., concurred.
 

 [1]
 

 The father was the plaintiff in the ease in Washington.
 

 [2]
 

 This check was to apply on the balance that he owed Mrs. Spurrell
 
 re
 
 support for the minor.
 

 [3]
 

 This cheek was stated to be for the child’s support “for June 19 to July 19,1953.’’
 

 [4]
 

 This cheek was to cover the child’s transportation expense from Santa Barbara to Los Angeles,
 

 [5]
 

 Finding No. 3 is not responsive to the issue presented to the trial court in view of the specific provision of the modified decree. That decree awarded the custody of the minor to the mother “subject to visitation rights in plaintiff: [the father] at reasonable times
 
 and to his right
 
 tg
 
 have said child during the month of July.
 
 ...” (Emphasis added.)
 

 [6]
 

 The evidence as to the advice of her Washington attorney on this question is in conflict. The father testified that pursuant to her telegram, of June 29, 1953, advising him to “contact Dailey for information,’’ he did contact Mr. Dailey by telephone on June 30 and that Mr. Dailey stated to him, “I am writing her airmail today . . . and telling her to put him, Golyn, on the plane.”