[Civ. No. 27018. Fourth Dist., Div. Two. Dec. 15, 1981.]

EUGENE V. KAMINSKI, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
MONTGOMERY WARD & CO., INC., Respondents.

**COUNSEL**

Banks, Leviton, Kelley, Drass & Kelsey, W. Peter Godfrey and Francis Drass for Petitioner.

Barclay & Stringfellow and Andrew W. Barclay for Respondents.

**OPINION**

**TAMURA, J.\***—This is a proceeding to review a decision of the Workers' Compensation Appeals Board pertaining to the imposition of the statutory 10 percent penalty for unreasonable delay or refusal to pay compensation benefits awarded to an applicant.[1]

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

[1]Unless otherwise indicated, all section references in this opinion are to the Labor Code.

Section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

Applicant applied for workers' compensation benefits for an injury (emotional trauma) arising out of and in the course of his employment as a security and safety manager for Montgomery Ward & Co., Inc., permissibly self-insured. On December 19, 1978, the workers' compensation judge made a minimal award of 5 percent permanent disability which called for a payment of $1,050 forthwith. The applicant's petition for reconsideration was granted and the board ordered the appointment of an independent medical examiner.

Following an examination by the independent medical examiner, submission of his report, and his examination and cross-examination, the matter was placed on the Commissioner's Conference Calendar and a new opinion and decision after reconsideration was issued. The board found that applicant had sustained an industrial injury which caused a 32 percent permanent partial disability and awarded permanent disability benefits of $9,292.50 payable at the rate of $70 per week beginning July 10, 1979, and continuing for 132.75 weeks or until the total amount shall have been paid. Defendant paid the benefits through July 31, 1980, but ceased making payments thereafter.

Applicant instituted supplemental proceedings for penalties under section 5814. After hearing, the workers' compensation judge issued supplemental findings and award in which the total amount of the permanent disability award was increased by 10 percent for defendant's failure to pay benefits beyond July 31, 1980. The judge found that defendant's proffered excuse that it thought it had paid all of the benefits was not a reasonable excuse.

Defendant filed a petition for reconsideration in which it conceded that it unreasonably delayed in making the disability payments pursuant to the award but contended that the judge erred in assessing the 10 percent penalty on the entire amount of the permanent disability award instead of applying it only to the payments actually unreasonably delayed, citing *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Crowe*) (1980) 103 Cal.App.3d 877 [163 Cal.Rptr. 246]. In his report and recommendation on the petition for reconsideration, the judge stated that *Crowe* appeared to be in conflict with *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242], and recommended that the board grant reconsideration so that the apparent conflict might be resolved by judicial review. The board granted reconsideration and assessed the 10 percent penalty only on the benefits that became due and payable after July 31, 1980. The board

interpreted *Crowe* to stand for the proposition that the 10 percent penalty may be assessed only upon benefits actually unreasonably delayed and not against the entire amount of the permanent disability award.

Petitioner seeks review and annulment of the board's decision on the ground it is contrary to *Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d 815. In its answer to the petition for writ of review, respondent Montgomery Ward & Co., permissibly self-insured, argued that under *Crowe* the board properly assessed the penalty only on that portion of the benefits actually unreasonably delayed or withheld. However, at oral argument counsel for Montgomery Ward, with commendable candor, conceded that the board erred and that the penalty should have been imposed on the entire amount of the permanent disability award.

While respondent's belated concession disposes of the controversy between the parties, we believe a brief opinion on the issue presented by this proceeding is necessary in order to dispel any misconception the board may have concerning the effect of the *Crowe* decision.

In *Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d 815, the Supreme Court held that the penalty is to be computed by assessing the 10 percent on the entire amount awarded for the particular class of benefit which has been unreasonably delayed. The court specifically rejected the carrier's argument "that the penalty should be applied to the *net* amount of benefits remaining unpaid, thereby permitting credit to the employer or carrier for amounts previously paid without delay on the specific benefit awarded." (*Id.*, at p. 827.) The court stated: "The statutory language, referring to the 'full' amount of an award makes no provision for credit for any partial payments made under compulsion of an award. (See *Ramsey* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal. App.3d 693, 698 [83 Cal.Rptr. 51].) Thus, if any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entirety of that benefit." (*Ibid.*)

In *Ramsey* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693 [83 Cal.Rptr. 51] (cited in *Gallamore*; overruled on other grounds in *Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226, 231 [133 Cal.Rptr. 517, 555 P.2d 303]) this court held that "[s]ection 5814 requires the penalty to be imposed on the 'full amount of the order, decision or award'" and must be applied to prior payments of compensation made under compulsion of the award but noted that payments vol-

untarily made before a hearing on a claim are not deemed to be a part of the award for penalty purposes "'even though the order making the award purports to cover the period during which such payments are made....'" (*Ramsey* v. *Workmen's Comp. App. Bd., supra,* 2 Cal. App.3d 693, 698, quoting *Langer* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 400, 406, fn. 3 [65 Cal.Rptr. 598].)

■ Thus, under principles enunciated in *Gallamore* and *Ramsey,* the penalty applies to payments made under compulsion of award but not to payments, voluntarily provided before an award is made. (1 Herlick, Cal. Worker's Compensation Law Handbook (2d ed. 1981 pocket supp.) § 11.12, pp. 54-55.) In the case at bench defendant paid the permanent disability benefits under compulsion of an award through July 31, 1980, but unreasonably failed to make future payments. The workers' compensation judge therefore properly applied the 10 percent penalty to the full amount of the permanent disability award and not just to the portion which defendant unreasonably failed to pay.

In support of its decision, the board relied on *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Crowe*), *supra,* 103 Cal.App.3d 877. The reliance is misplaced. From the sketchy statement of facts in *Crowe,* we glean the following: The employee sustained a work-related injury to his hip and lower extremity on November 7, 1971, while employed by the County of Los Angeles. The county conceded that it unreasonably delayed in voluntarily making permanent disability payments to the employee from January 25, 1977, to July 11, 1977. In March 1977, the parties entered into a compromise and release (approved by the board) of a claim for penalty for any delay by the county on or before March 28, 1977. On July 11, 1977, all delayed permanent disability payments were brought up to date and thereafter payments were timely paid by the county. The employee's application for benefits came on for hearing on May 24, 1978, the issues being permanent disability, future medical treatment and a penalty claim. On June 9, 1978, the judge made his findings and award in which applicant was awarded permanent disability benefits of $21,000, payable $52.50 per week for 400 weeks and thereafter a life pension of $48.46 per week. The judge found that the county had unreasonably delayed in making permanent disability payments and assessed 10 percent penalty on the permanent disability award (including the life pension) and the future medicals. In view of the compromise and release agreement, the judge did not apply the penalty to the permanent disability accrued up to and including

March 28, 1977. The board denied the county's petition for reconsideration and a writ of review was issued by the Court of Appeal.

The employee conceded that imposition of the penalty on the award of future medicals was improper because it was not the class of benefit unreasonably delayed. Thus, the sole issue was whether the penalty should be applied to the entire permanent disability award. The county contended that the penalty should only apply to permanent disability payments unreasonably delayed because it had voluntarily brought payments up to date on July 11, 1977, and continued to make timely payments thereafter far in advance of the May 1978 hearing and the June 9, 1978, award.

The reviewing court agreed with the county's contention. It held that *Gallamore* and the cases discussed and approved by *Gallamore* (*Garcia v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 687 [100 Cal.Rptr. 149, 493 P.2d 877]; *State Comp. Ins. Fund v. Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 374 [110 Cal.Rptr. 757]; *Daniels v. Workmen's Comp. Appeals Bd.* (1972) 27 Cal.App.3d 504 [104 Cal. Rptr. 129]; *Manning v. Workmen's Comp. App. Bd.* (1970) 10 Cal. App.3d 655 [89 Cal.Rptr. 76]) stood for the proposition that the penalty should not be applied "'to those types of benefits which were neither delayed nor refused.'" (*County of Los Angeles v. Workers' Comp. Appeals Bd.* (*Crowe*), *supra*, 103 Cal.App.3d 877, 884, quoting *Gallamore v. Workers' Comp. Appeals Bd.*, *supra*, 23 Cal.3d 815, 826.) Based upon its analysis of *Gallamore* and the cited cases, the *Crowe* court concluded that the penalty in that case should be "limited to permanent disability payments not covered by the March 1977 settlement which were actually delayed until July 11, 1977, when County voluntarily brought all payments up to date and continued to voluntarily and timely pay thereafter until the award issued on June 9, 1978." (*County of Los Angeles v. Workers' Comp. Appeals Bd.* (*Crowe*), *supra*, 103 Cal.App.3d 877, 884.) As we read *Crowe*, the court based its decision on the distinction recognized in *Gallamore* and *Ramsey* between pre-award benefits voluntarily paid and benefits paid under compulsion of award.

In the case at bench, the unreasonable delay pertained to the payment of permanent disability benefits awarded. The penalty should have been imposed on the "full" amount of the permanent disability award because, as the Supreme Court said in *Gallamore*, the statute makes no provision for credit for any partial payment made under compulsion of

an award. The purpose of the penalty is to secure timely payment of compensation. To limit the penalty only to payments unreasonably delayed would not produce the desired deterrent effect which the penalty is designed to serve. (See *Gallamore* v. *Workers' Comp. Appeals Bd., supra,* 23 Cal.3d 815, 827; *Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].)

The award is annulled and the matter is remanded to the board for further proceedings consistent with this opinion.

Gardner, P. J., and Morris, J., concurred.