[Civ. No. 6507. Fifth Dist. Feb. 8, 1982.]

ANITA TOCCALINO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and SIERRA
VISTA HOSPITAL, Respondents.

COUNSEL

Ronald I. Gould for Petitioner.

Dexter W. Young, Holzer & Cohen and Sheldon Cohen for Respondents.

OPINION

**HANSON (P. D.), J.**—Petitioner by writ of review seeks to annul a decision after reconsideration of the Workers' Compensation Appeals Board rescinding a 10 percent penalty imposed by the workers' compensation judge on all temporary disability, and assessing the penalty only on the amount actually delayed; sustaining the judge's findings of temporary disability at the rate of only $116.50 per week; sustaining the judge's decision to treat petitioner's psychiatric disability as included within the rating for her back disability; and reducing the amount of attorney's fees awarded.

Petitioner Anita Toccalino suffered a back injury in November 1977 while lifting a patient at Sierra Vista Hospital where she was employed as a licensed vocational nurse. Petitioner left work on or about March

18, 1978, and did not return during the workers' compensation proceedings.

On March 14, 1979, petitioner filed two applications for adjudication of workers' compensation benefits. Case No. 79 SBA 25605, which was ordered dismissed at the hearing, alleged cumulative back trauma over the period of employment at Sierra Vista Hospital; case No. 79 SBA 25606, subject of this proceeding, alleged the specific injury which occurred in November 1977.

Respondent Sierra Vista Hospital, permissibly self-insured, denied liability for self-procured treatment, future medical treatment, medical legal costs and permanent disability, and disputed the periods of disability; respondent also claimed apportionment. The answer further alleged payment of temporary disability at the rate of $116.78 per week from March 26, 1978, to May 18, 1979.

The matter was heard before a workers' compensation judge on December 3, 1980. Evidence presented included the hospital's payroll statement and various medical reports which show that petitioner received treatment, including surgery on November 14, 1979. It was stipulated that petitioner was receiving psychiatric treatment and that the issue of psychiatric disability could be tried at that time.

The minutes of the hearing contain the following statement of the facts and issues:

"Facts: IT IS ADMITTED that Anita Toccalino, born January 18, 1950, while employed in November 1977 at San Luis Obispo, California by Sierra Vista Hospital, permissibly self-insured, sustained an injury arising out of and occurring in the course of her employment to her back. Earnings were sufficient to produce a compensation rate of $116.50 per week. Temporary disability was paid through July 15, 1980. Applicant is claiming continuing temporary disability; defendant is claiming applicant is permanent and stationary.

"Issues: 1. Need for medical treatment: 2. Liability for self-procured medical treatment: 3. $960 cost bill: 4. Nature & extent of disability: 5. Penalty: There was a 30-day period from May 1st to May 31st, 1979 where no payments of any type were received by applicant. After that date, payments were reinstituted.

"Applicant's earnings at the time of injury were $116.50 per week, and at the time she last worked they were $188.13 per week, although applicant lost some time from work due to sickness and so forth."

On January 8, 1981, the judge issued instructions requesting that petitioner's disability from the back injury be rated with a limitation to sedentary work. Thereafter, a formal rating issued showing that petitioner's permanent disability was 66 percent and recommending that she receive permanent disability indemnity at $70 per week for 353 weeks, for a total award of $24,710. Petitioner's counsel inquired by letter regarding the absence of any instruction to the rater on the psychological injury.

The workers' compensation judge awarded temporary disability from November 1977 through July 15, 1980, at the rate of $116.50 per week; a 10 percent penalty on all temporary disability because of the arbitrary cutoff of payments in May 1979; further medical care, including psychiatric treatment; permanent disability of $24,710, based on the 66 percent rating, less $4,000 attorney's fees "to be commuted from the far end of the award . . . ."

The opinion on the findings and award states in part: "Costs of $960.00 to Dr. Tenenbaum [the treating psychiatrist] are allowed.

"Said injury caused temporary disability from 11/77 to 7/15/80, and permanent disability of 66%. (Defendant was not prepared at the hearing and could not advise the Judge the amount of temporary disability paid.) The rating is based upon Dr. Williams' [the neurosurgeon who treated petitioner's back injury] report and he apparently considered the applicant's total condition."

Both parties petitioned for reconsideration of the findings and award of the workers' compensation judge. Respondent's petition presented four claims of error:

(1) Temporary disability should not have been awarded beginning in November 1977 because petitioner worked until March 1978.

(2) It was error to impose a penalty because the 30-day delay in payment was caused by petitioner's failure to see her treating physician, and therefore the delay was not unreasonable.

(3) If the penalty were allowable, it should have been limited to the amount actually delayed because temporary disability was voluntarily paid until July 15, 1980.

(4) Permanent disability was improperly awarded without provision for suspension during any periods of participation by petitioner in a rehabilitation program.

The judge indicated in his report on respondent hospital's petition for reconsideration that the provision for temporary disability starting from November 1977, and the reference to finding No. 4 in awarding temporary disability, were clerical errors and the temporary disability award should be corrected to begin temporary disability on March 19, 1978 (finding No. 5). The judge recommended that the petition for reconsideration be denied in all other respects.

After the filing of the judge's report, petitioner filed a petition for reconsideration with the board claiming that the findings and award were in error because: (1) Petitioner's temporary disability rate should have been found to be $125.42 per week. (2) Petitioner's psychiatric injury should have been rated in addition to her back injury.

Because the trial judge's report was responsive only to respondent's petition, the board granted reconsideration to obtain a supplemental report. Addressing petitioner's claim that the parties stipulated to a temporary disability compensation rate of $125.42 per week, the judge wrote: "... the minutes do not reflect the stipulation, nor do my notes, although my notes do indicate some information that tends to support applicant's contention." Accordingly, the judge recommended that the issue of the temporary disability rate be remanded for further proceedings unless the parties were able to resolve the matter by stipulation.

With regard to petitioner's claim that a psychiatric disability should have been rated separately, the judge said: "The permanent disability evaluation made by Dr. Williams was the basis for the permanent disability rating which was a plateau rating limiting applicant to semi-sedentary work. It is the view of the judge that psychiatric disability like pain is not ratable per se but only the consequences, i.e., the handicap in the open labor market is ratable. It was the conclusion of the judge that Dr. Williams, a treating physician in the case, considered applicant's pain physical impairment as well as mental impairment in making his recommended work restriction, or as stated in my report,

considered applicant's total condition. It is readily apparent ... that we would have to have an evaluation of psychic [*sic*] disability, pain disability, and objective disability all rated separately if one overall evaluation were not permissible."

The judge recommended that the board correct the clerical errors pointed out by respondent and grant reconsideration on the issue of earnings for adjustment by the parties, or if necessary, remand for further proceedings.

The board issued its opinion and decision after reconsideration, overturning the portion of the judge's decision assessing the 10 percent penalty on all temporary disability, and imposing a penalty only on the amount actually delayed. The board upheld the original finding that temporary disability was payable at the rate of $116.50 per week, and sustained the judge's finding that any psychiatric disability was included in the 66 percent permanent disability rating. Finally, the board reduced the amount of attorney's fees to $2,500 because of the reduction in the award.

Petitioner filed a petition for writ of review; respondent filed an answer. The board by letter indicated that it would not answer the petition "as no substantial challenge to Board procedures appears to be made."

This court issued an order directing the parties to file letter briefs addressing these issues: "1. Should this petition be granted because the 'opinion and decision after reconsideration' did not make an express award of temporary disability to petitioner?

"2. Should this petition be granted because the 'opinion and decision after reconsideration' did not expressly award to petitioner the penalty which said opinion determined that petitioner was entitled to in finding of fact No. 7?" Letter briefs from the board, petitioner and respondent were filed and an order and writ of review issued.

*I*

Petitioner first contends that the board erroneously applied the 10 percent penalty for delay only to the portion actually delayed, instead of to the entire award of temporary disability. It was stipulated that during a 30-day period from May 1 to May 31, 1979, no temporary

disability payments were received by petitioner; after that date, payments were reinstituted and temporary disability was paid through July 15, 1980. The judge ordered temporary disability from November 1977[1] to July 15, 1980, at the rate of $116.50 per week and assessed a 10 percent penalty on the entire award, relying upon *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242]. The board reduced the penalty to 10 percent of the amount delayed or $49.92.

The board explained the basis for its action as follows: "... after a further review of the record, the Board is persuaded that there is merit to defendant's petition as to the size of the penalty. At the time of the hearing all temporary disability had been paid for all relevant periods through July 15, 1980. The defendant had already paid the period of March 1, 1979, through March 31, 1979, which was the period of delayed payment. The only issue as to temporary disability was continuing disability after July 15, 1980. There was no basis for an award of temporary disability prior to July 15, 1980. *Gallamore* v. *WCAB*, 44 CCC 321 provides for assessment of the penalty on the species of benefits ultimately awarded. Here there was no basis for an award of temporary disability. Therefore, the penalty is limited to 10% of the amount actually delayed. The amount delayed was $499.20. The penalty should be $49.92.

"*The penalty is definitely allowable as there was an unreasonable delay in payment. The defendant had a duty to inquire when the treating doctor's report was not received.*" (Italics added.)

▮ Even though all temporary disability for the period prior to July 15, 1980, was paid before the hearing, such benefits were still in issue because petitioner was seeking continuing temporary disability. We find that the workers' compensation judge properly awarded temporary disability for the period from March 1978 to July 15, 1980, and correctly computed the penalty on the total amount; that respondent was entitled to credit for benefits paid does not change the method of computing the penalty.

The board's limitation of the penalty directly contravenes the Supreme Court's decision in *Gallamore* v. *Workers' Comp. Appeals Bd.,*

---

[1]As indicated in the workers' compensation judge's report on petition for reconsideration, the initial date of temporary disability should have been March 1978 rather than November 1977.

*supra*, 23 Cal.3d 815. Respondent hospital purports to distinguish *Gallamore* on the ground that the delay involved in the *Gallamore* case was in payment of advances of permanent disability indemnity and the record did not show that defendant made voluntary payments until after a petition for penalty was filed. We are not persuaded.

Labor Code section 5814,[2] provides for the assessment of a 10 percent penalty when payment of benefits has been unreasonably delayed or refused. In *Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d 815, 827, the Supreme Court clarified the rules relating to the imposition of penalties under section 5814: "... (1) both preaward and postaward delinquencies are equally subject to the 10 percent penalty, (2) the penalty is mandatory despite the arguably de minimis nature of the amounts involved, (3) multiple penalties must be assessed for successive delays so long as separate and distinct acts of misconduct are involved, and (4) *the penalty is to be computed by assessing 10 percent of the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld.*" (Italics added.) The object of the statutory penalty is to secure timely payment of benefits. (*Id.*, at p. 823, citing *Davison* v. *Industrial Acc. Com.* (1966) 241 Cal.App.2d 15, 18 [50 Cal.Rptr. 76].)

Despite this statement of the rules, much appellate discussion concerns the propriety of various penalty assessments. *County of Los Angeles* v. *Workers' Comp. Appeals Bd. (Crowe)* (1980) 103 Cal. App.3d 877 [163 Cal.Rptr. 246], cited by respondent hospital, involved two periods of delayed payment of permanent disability advances. In March 1977 the parties entered into a compromise and release of the claim for penalty for the delay prior to March 28, 1977. Thus, the portion of the permanent disability award for this period was not in issue. (*Id.*, at p. 881.) The county then further unreasonably delayed payments until July 1977, when all payments were voluntarily brought up to date and continued timely thereafter. An award issued in June 1978 with a penalty computed on the entire permanent disability awarded for the period following the settlement. However, the appellate court, relying on prior decisions cited in *Gallamore*, annulled the penalty except

---

[2]Labor Code section 5814 provides in part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent."

as to the payments actually unreasonably delayed (March through July 1977) because "far in advance of the hearing of May 24, 1978, and the award of June 9, 1978, County voluntarily brought Crowe's payments up to date and continued to pay timely thereafter without further delay." (*County of Los Angeles* v. *Workers' Comp. Appeals Bd. (Crowe)*, *supra*, 103 Cal.App.3d at p. 882.) The *Crowe* case relied upon several earlier cases cited in *Gallamore* which distinguish between benefits voluntarily paid and benefits paid under compulsion of an award for the purpose of computing a penalty. (*Id.*, at pp. 882-884; see also discussion in *Kaminski* v. *Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 778, 783-784 [179 Cal.Rptr. 125].)

The distinction made in *Crowe* appears to be irreconcilable with the express language of *Gallamore* that the penalty is to be imposed on the entire amount of the particular type of benefit unreasonably delayed or withheld, regardless of whether the delinquency was preaward or postaward, or "de minimis." (*Gallamore* v. *Workers' Comp. Appeals Bd.*, *supra*, 23 Cal.3d 815, 822-827.)

The claimant in *Burton* v. *Workers' Comp. Appeals Bd.* (1980) 112 Cal.App.3d 85 [169 Cal.Rptr. 72] sought compensation for two injuries suffered while employed by the City of Los Angeles. He also filed a claim of discrimination under Labor Code section 132a, providing that if discrimination is found, the amount of additional compensation to be awarded is controlled by Labor Code section 4553. Section 4553 provides for increased compensation for willful misconduct equivalent to one-half the benefits previously awarded, including temporary and permanent disability and medical treatment up to a total of $10,000. The board issued a penalty award, and the city promptly paid all but the amount based upon earlier payments of temporary disability. A claim for penalty was again filed; the claimant contended that the 10 percent penalty should be based on the entire increased benefit under Labor Code section 132a. The city argued that the penalty should be based only on the temporary disability payments. Citing *Gallamore*, the appellate court held that the penalty should be calculated on the entire amount assessed under Labor Code sections 132a and 4553, and not only on the portion assigned to temporary disability.

In *Anderson* v. *Workers' Comp. Appeals Bd.* (1981) 116 Cal.App.3d 954 [172 Cal.Rptr. 398], this court found that the board erred in computing successive penalties on the amount of the penalty previously

assessed under section 5814, rather than on the principal amount of the original award (underlying benefits plus prior penalty increase). The board incorrectly treated the penalty as a separate type of benefit, rather than part of the original award. (*Id.*, at pp. 960-961.)

Respondent and the board take the position that there is no basis for an award where benefits have been voluntarily paid, and therefore no award of the class of benefits exists upon which to base a penalty. Not only is this position irreconcilable with the board's award of any penalty, however small, but it also conflicts with the Supreme Court's direction that the penalty is to be computed "upon the filing of a decision or award which specifies the base amount of benefits due (including amounts previously paid), . . ." (*Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d at p. 822.)

■ The rule as set forth in *Gallamore* requires that whenever, as in the present case, a petitioner has suffered an unjustified or arbitrary delay in some payment of temporary disability, any penalty imposed for that delay must be levied against the entirety of the temporary disability benefits awarded to petitioner. It appears that the cases relied upon by appellant were cited in *Gallamore* for a *narrower purpose* than respondent hospital contends, and to the extent that their holdings conflict with the rule stated by the Supreme Court, they are no longer persuasive authority.

Although we recognize a reluctance in the cases to impose a penalty upon a total award of a class of benefits when only a portion has been delayed, this reluctance ignores the thrust of the reasoning in *Gallamore* and its interpretation of the clear words of the statute. First of all, *no penalty is imposed unless the delay is found to be unjustified.* The policy underlying the imposition of penalty is to "secure timely payment of compensation" and is the basis of the court's ruling in *Gallamore.* Were the penalty imposed only on the one-month delayed payment, the incentive to pay promptly would be lessened defeating the purpose of the statute.

We are unable to distinguish the *Gallamore* case, which clearly requires an application of the 10 percent penalty upon the total temporary disability amount; therefore, we annul the portion of the decision of the board which applies the penalty to the month of delay only.

## II

Petitioner secondly urges that the board's decision is fatally defective for failure to make an express award of temporary disability and to award the amount of the penalty.

■ Awards of the board "are subject to those general legal principles which circumscribe and regulate the judgments of all judicial tribunals." (*Gouanillou v. Industrial Acc. Com.* (1920) 184 Cal. 418, 420-421 [193 P. 937]; *Myers v. Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 621, 624-625 [83 Cal.Rptr. 427].) Accordingly, they must be sufficiently certain to permit enforcement; serious uncertainty may be reversible error. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 40, p. 3208.) The award fixes the period and amount of compensation, and specifies the manner of payment. (Lab. Code, § 5801.) Under Labor Code section 5313, the appeals board or referee "shall ... make and file ... an award ... stating the determination as to the rights of the parties." Labor Code section 5806 provides that "[a]ny party affected thereby may file a certified copy of the findings and order, decision, or award of the appeals board with the clerk of the superior court of any county. Judgment shall be entered immediately by the clerk in conformity therewith."

Volume 1 of Hanna, California Law of Employee Injuries and Workmen's Compensation (rev. ed. 1981) section 5.09 [3] states: "All issues should be covered by findings, and the omission of a finding upon a material issue is error.... A finding as to a jurisdictional fact is not fatally defective where it contains a definite implication, though not a direct finding, of the necessary fact. Furthermore, findings are sufficient if they can be made certain by reference to the record." (Fns. omitted.)

■ The original findings and award included finding No. 5, that "Said injury caused temporary disability from November 1977 to July 15, 1980 at the rate of $116.50 per week." The board deleted this finding consistent with its determination that there was no basis for an award of temporary disability because all amounts had been paid through July 15, 1980. The board also amended finding of fact No. 7 awarding the penalty on the total temporary disability to provide that petitioner was entitled to only $49.92 as a penalty for respondents' un-

reasonable delay in paying temporary disability for the period May 1, 1979 to May 31, 1979. However, no amount for the reduced penalty was stated in the board's final award.

■ "The Appeals Board or a Workers' Compensation Judge may correct a clerical error at any time and without necessity for further hearings, notwithstanding the lapse of the statutory period for filing a petition for reconsideration." (1 Hanna, *op. cit. supra*, § 7.01 [2][a], fns. omitted.) ■ It is apparent that the omission of the penalty from the award was inadvertent and this clerical error alone would not warrant remanding the case and can easily be corrected on remand.

However, the lack of an express finding or award of temporary disability presents a more difficult problem. While both the hospital and the board attempt to justify the lack of an express award of temporary disability because benefits due had been paid through July 15, 1980, the board's decision failed to dispose of all issues raised; no finding was made regarding temporary disability except that 30 days' benefits were unreasonably delayed, upon which amount a penalty was due. "Although ... it is not required that findings be specific and detailed it is essential that they be sufficient in form and substance so that by reading them and referring to the record the parties can tell and this court can tell with reasonable certainty not only the theory upon which the commission has arrived at its ultimate finding and conclusion but that the commission has in truth found those facts which as a matter of law are essential to sustain its award." (*Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 102, 124 [251 P.2d 955].)

The board's opinion after reconsideration explains the rationale used to delete the award of temporary disability, but a penalty for delay in paying temporary disability benefits cannot be imposed properly unless it is based on an award of temporary disability. "Though findings are only necessary on matters in issue, the Appeals Board often makes findings on all jurisdictional points for the sake of clarity and completeness." (1 Hanna, *op. cit. supra*, § 5.09 [3].) In this case the computation of the penalty due under *Gallamore* is dependent upon an award specifying the "base amount of benefits due (including amounts previously paid), ..." (*Gallamore* v. *Workers' Comp. Appeals Bd., supra*, 23 Cal.3d 815, 822.) Obviously, the failure to include any finding or award on temporary disability was error, requiring remand.

*III*

Petitioner next argues that the board erred in failing to award temporary disability at a rate computed on petitioner's earnings at the time of termination of employment rather than time of injury.

Petitioner argues that the evidence required that the board award temporary disability at the rate of $125.42 per week, rather than $116.50 per week, the amount recited in the original award.

In the petition for reconsideration, petitioner alleged a stipulation by the parties to the higher figure and also argued that the wage statement submitted at the hearing supported the rate of $125.42 per week. The workers' compensation judge in his supplemental report stated that neither the minutes nor his notes reflected such a stipulation, although the notes contained some support for petitioner's position. The judge recommended that the issue of earnings be remanded unless the parties were able to adjust the matter by agreement.

The board declined to follow the judge's suggestion, stating in its opinion after reconsideration, "The partial transcript which accompanied the original report of the trial judge clearly shows a stipulation to temporary disability of $116.50 a week."

The partial transcript of the hearing reads in part: "THE COURT: Applicant's earnings were sufficient to produce a rate of $116.50. Temporary disability was paid through about 7/15/80. Applicant is claiming continuing temporary disability. . . .

"Applicant's earnings at the time of injury were sufficient to produce a compensation rate of $116.50 a week. At the time she last worked they were $188.13 per week, although she lost some time due to sickness and so forth.

"Issues: Earnings, . . ."

No "clear stipulation" referred to by the board is revealed in the transcript. Also, the court stated that earnings were an issue, indicating there was no stipulation; the workers' compensation judge, not finding the record clear, recommended in his supplemental report that the issue be remanded for further hearing.

■ In *Thrifty Drug Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 937 [157 Cal.Rptr. 459], the court discussed the computation of average weekly earnings under Labor Code section 4453, subdivisions (a) and (d). Although in most cases actual earnings of a fulltime employee at the time of injury fairly reflect earning capacity (§ 4453, subd. (a)), "where, ..., there is specific demonstrable evidence that the injured employee, would, but for the injury, have received increased earnings, the fixed formula of subdivision (a) cannot be reasonably and fairly applied, and ... in such circumstances average earnings can be computed on the basis of earning capacity under section 4453, subdivision (d)." (*Id.*, at p. 944.)

The court's reasoning is pertinent here; petitioner continued to work for several months after her injury, and was actually receiving a higher rate of pay at the time she ceased working. The board's finding of a stipulation binding petitioner to a rate of $116.50 per week is not supported in the record and the issue is remanded for determination of the amount of petitioner's earnings within the meaning of the statute as discussed in *Thrifty Drug Stores, Inc.*

*IV*

Petitioner contends that the finding that any psychiatric injury was included in the permanent disability rating is not supported by substantial evidence and the board should have ordered that petitioner be rated on a separate psychiatric disability, or should have found continuing temporary disability.

At the hearing, petitioner presented the report of Dr. Tenenbaum, a psychiatrist, that petitioner had a psychiatric disability "related to her injury ... and related to the disability which has resulted from this injury." Although this report is not included in the return, it is clear that it was before the workers' compensation judge, who ordered payment of $960 to Dr. Tenenbaum. Excerpts from this report, and from the report of a Dr. Patterson, apparently a defense psychiatrist, were included in petitioner's petition for reconsideration. Dr. Patterson concluded: "... I do not see the subject's complaints as representing a psychogenic type of pain disorder. I believe it is very likely that the subject is experiencing pain from continuing physical pathology. I do not see that her complaint about this pain represents a psychiatric disorder."

■ In rejecting petitioner's claim that she is entitled to be rated separately on psychiatric disability, the board adopted the reasoning of the workers' compensation judge and stated that "the record amply supports the ... finding on permanent disability." The judge's remarks reasonably indicate a finding that petitioner is not suffering from a *separate* psychiatric disability. (See *Morgan* v. *Workers' Comp. Appeals Bd.* (1978) 85 Cal.App.3d 710, 724 [149 Cal.Rptr. 736].) Pain resulting from a physical injury is not separately ratable. Here, the remarks of Dr. Patterson, quoted by petitioner, support the factual finding.

In the judge's supplemental report, he stated that the permanent disability evaluation made by Dr. Williams was the basis for the rating and that Dr. Williams, who was a "treating physician," considered petitioner's "pain physical impairment as well as mental impairment in making his recommended work restriction, or as stated in my report considered applicant's *total condition.*" (Italics added.) The board upheld this finding of the hearing judge.

■ In *Smith* v. *Workers' Comp. Appeals Bd.* (1981) 123 Cal. App.3d 763, 774 [176 Cal.Rptr. 843], this court reiterated that findings will not be disturbed when they are supported by substantial evidence "or by inferences which may fairly be drawn from the evidence." (*Phoenix Indem. Co.* v. *Ind. Acc. Com.* (1948) 31 Cal.2d 856, 859 [193 P.2d 745].) ■ The letter from Dr. Patterson, a member of the American Board of Psychiatry, was before the judge; the judge's award of payment to Dr. Tenenbaum, a psychiatrist, indicates his awareness of petitioner's psychiatric treatment and the judge stated in his opinion that there was need for further psychiatric care. In his reliance upon the analysis of Dr. Williams, a neurosurgeon, the judge made a factual determination that petitioner was not suffering from a separate psychiatric disability which finding is also supported by the conclusion of Dr. Patterson. ■ Substantial evidence is "'such relevant evidence as a reasonable man might accept as adequate to support a conclusion.' (*Estate of Teed* [1952] 112 Cal.App.2d 638, 644 ....)" (*Spurrell* v. *Spurrell* (1962) 205 Cal.App.2d 786, 791 [23 Cal.Rptr. 414].) ■ The finding has support in the record and will not be disturbed.

*V*

Petitioner finally argues that the board's action in reducing the amount of the fee awarded petitioner's attorney is unsupported by the

record. The only basis stated for decreasing the fee in the opinion after reconsideration is that the amount of the award is less because the board recomputed the penalty. "Since there has been a reduction in the amount payable to the applicant the attorney's fees will be reduced to $2,500.00."

■ The board is vested with discretion to assign a "reasonable" fee to the applicant's attorney; the amount of the fee varies with the complexity of the case, with a recommended range of 9 to 12 percent of the permanent disability indemnity awarded for cases of average difficulty. (1A Hanna, *op. cit. supra*, § 16.03 [1].) The *result obtained* is a factor to be considered. (Rules of Practice & Procedure of the Workers' Compensation Appeals Board, § 10775(d); see also Lab. Code, §§ 4903, 4906.) ■ Because we find that the *sole* ground stated by the board for the reduction of the attorney's fee is erroneous, we remand the issue for further proceedings.

The board's method of computing the penalty is in direct conflict with the Supreme Court's directions in *Gallamore*; the failure to find and award any temporary disability obviously is inconsistent with imposing a penalty, and the petitioner has a meritorious claim for a higher rate of temporary disability benefits.

That portion of the opinion and decision after reconsideration of the Workers' Compensation Appeals Board awarding 66 percent permanent disability, further medical care, reimbursement of self-procured medical treatment, and "medical legal costs" as found, is affirmed; all other portions of the decision are annulled, and the cause is remanded to the board for further proceedings and corrections of error consistent with the views expressed in this opinion.

**BROWN (G. A.), P. J.**—I concur in the principal opinion and decision. As to that part of the decision assessing the penalty on all temporary disability instead of assessing it only on the amount found to be delayed in payment, I concur under the compulsion of *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242], by which we are, of course, bound.

However, as in the case of any arbitrary rule, its application in a particular case can be oppressive and unjust. Under the facts of this case, the application of the rule declared in *Gallamore* is unreasonably harsh and arbitrary. Further, its application to this case does not effectuate

the purpose of the rule—to assure the timely payment of compensation. The facts show that the employer voluntarily paid temporary disability for a long period of time, the interruption was only for a period of one month for a reason which the employer felt was justified, and after the month's interruption the payments were promptly resumed and continued.

Baca, J.,* concurred.

The petition of respondent Sierra Vista Hospital for a hearing by the Supreme Court was denied April 8, 1982.

*Assigned by the Chairperson of the Judicial Council.